Acorn Brass Manufacturing Company, Appellant, v.
James Gilmore, Appellee.

1. CONTRACTS—*how contracts of guaranty construed.* Contracts
of guaranty should be construed as favorably to the creditor as
other written contracts.

2. CONTRACTS—*when undertaking of guaranty becomes effective.*
An absolute undertaking of guaranty becomes effective against the
guarantor as soon as acted upon by the guarantee.

3. CONTRACTS—*when undertaking of guaranty accepted. Held,* that the letter set forth in this opinion was an an absolute guaranty and that the letter, likewise set forth, was an acceptance thereof, such letters constituting a contract.

Assumpsit. Appeal from the Circuit Court of Vermilion county; the Hon. MORTON W. THOMPSON, Judge, presiding. Heard in this court at the November term, 1907. Reversed and remanded. Opinion filed April 21, 1908.

PENWELL & LINDLEY, for plaintiff in error; F. W. WINKLER, of counsel.

R. ALLAN STEPHENS and SWALLOW & SWALLOW, for defendants in error.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

The declaration of appellant in its action in assumpsit against appellee alleges, that on or about August 31, 1903, one Dr. W. H. Stephens applied to appellant and placed with it an order for the manufacture of certain devices to be manufactured by it and delivered to said Stephens, and at the same time represented to appellant that he would place orders with it for the manufacture of like goods in the future, and further represented that appellee, James Gilmore, would guarantee and be responsible for any indebtedness incurred by said Stephens to appellant by reason of the manufacture by appellant and delivery to said Stephens of any goods aforesaid; that thereupon appellant, by its president, wrote to said appellee a letter as follows:—

"August 31, 1903.

JAS. GILMORE,
        Danville, Ill.
DEAR SIR:—

Dr. W. H. Stephens has placed an order with us amounting to $115.00, and the probabilities are that future orders will run the account much higher. In asking for references, Dr. Stephens made the state-

ment that you would guarantee the account, since he has not any commercial rating at present. If it is satisfactory to you, we would thank you for a letter guaranteeing us against loss from any transaction with this gentleman.

Yours respectfully,

J. S. Knight, Pres.        ACORN BRASS MFG. CO."

That on or about September 3, 1903, appellant received in due course of mail a letter from appellee, as follows:

"DANVILLE, ILL., Aug. 31, 1903.

ACORN MFG. CO.

GENTS:—

Yours of this date to hand, and in reply will say I will be responsible for the amount of $500.00 for Dr. Stephens, but I do not think he will run the amount so large, as he is placing the mouth props for cash and will be able to pay you after first lot is turned out.

Resp.,        JAMES GILMORE."

Whereupon appellant on the same day wrote to said appellee and caused to be mailed to him a letter, as follows:—

"JAMES GILMORE, ESQ.,
        Danville, Ill.

DEAR SIR:

We acknowledge receipt of your favor of the 31st ult. guaranteeing the account of W. H. Stephens for $500.00. We thank you for the same and remain

Yours very truly,

ACORN BRASS MFG. CO.,

J. S. Knight, Pres."

The declaration further alleges that confiding in the promise of appellee hereinbefore set forth, appellant on April 28, 1904, and divers days thereafter, to and including September 8, 1904, manufactured and delivered to said Stephens, trading under the name of Stephens Dental Specialty Company, in which said company no person or corporation other than said Stephens was interested, certain goods upon an agreed

credit of thirty days from delivery, at an agreed price of $926.20, and that appellant received from said Stephens on account thereof $494.75, leaving a balance due appellant from said Stephens of $431.45. To this declaration appellee interposed a general and special demurrer which was sustained by the court, and appellant electing to abide its declaration, judgment was entered against it in bar of its action and for costs of suit.

The special ground of demurrer relied upon by appellee in support of its contention that the declaration fails to allege a cause of action, is, that it does not allege that appellee had notice that the alleged guaranty was accepted by appellant and that credit had been given upon the faith of such guaranty. It has been held that a contract of guaranty should be construed as favorably to the creditor as other written contracts (Swisher v. Deering, 204 Ill. 203), and that such a contract, although that of surety, is to be construed liberally, and in furtherance of its spirit to promote the use and convenience of commercial intercourse. Taussig v. Reid, 145 Ill. 488; Davis v. Wells, 104 U. S. 159.

The letter of appellee to appellant dated August 31, 1903, was not, as is insisted by appellee, a mere proposal upon the part of appellee to become a guarantor, but was an absolute and unqualified guaranty of indebtedness which might be incurred by Stephens to appellant to the extent of $500, and it became effective as a guaranty, as soon as it was acted upon by appellant. In Frost v. Standard Metal Company, 215 Ill. 240, it was held that an acceptance is necessary to create liability if there is only a proposal to guaranty, but that rule has no application when the undertaking is primary and absolute. The language of the letter "I will be responsible for the amount of $500.00 for Dr. Stephens," is just as effective to constitute an absolute and unqualified guaranty as the more technical expressions, "We hereby guarantee," or "We hereby agree to guaran-

tee," or "We agree to pay," used in the cases cited, which appellee seeks to distinguish from the case at bar. But if it be conceded, for the sake of the argument, that the letter written by appellee was a mere proposal to guarantee, the letter of September 3, 1903, written by the president of appellant to appellee, acknowledging receipt of apellee's letter of August 31, 1903, must be held to be an acceptance of such guaranty and notice to appellee that it would be acted upon by appellant as such guaranty.

The declaration states a good cause of action and the demurrer should have been overruled. The judgment of the Circuit Court will, therefore, be reversed and the cause remanded.

*Reversed and remanded.*