International Text-Book Company, Appellant, v. W. A. Mueller, Appellee.

CORPORATIONS—*what "doing business in this state" within meaning of statute regulating foreign corporations.* *Held*, under the evidence, that a corporation organized for the purpose, among other things, of conducting schools by correspondence, was doing business in this state within the meaning of the statute regulating foreign corporations.

Assumpsit. Appeal from the Circuit Court of Macon county; the Hon. WILLIAM C. JOHNS, Judge, presiding. Heard in this court at the May term, 1908. Affirmed. Opinion filed June 28, 1909.

J. B. MOFFETT, for appellant; DAVID C. HARRINGTON, of counsel.

CHARLES M. BORCHERS, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is a suit by appellant against appellee to recover the sum of $45.80, being the balance alleged to be due upon a certain contract whereby appellant agreed to furnish appellee a course of instruction by correspondence in engine running, and appellee agreed to make payment therefor in monthly installments of $5. A trial by the court, without a jury, resulted in a finding in favor of appellee and judgment against appellant for costs of suit.

By appropriate pleading two issues were presented for trial. First, whether or not appellant being a foreign corporation organized and existing under the laws of the state of Pennsylvania was inhibited from maintaining the suit because of its failure to comply with the provisions of an Act, entitled, "An Act to require every foreign corporation doing business in this state to have a public office or place in this state at which to transact its business, subjecting it to certain conditions and requiring it to file its articles or

charter of incorporation with the secretary of state, and to pay certain taxes and fees thereon," approved May 18, 1897, in force July 1, 1897, as amended by an act bearing the like title, approved April 22, 1899, in force July 1, 1899; and, second, whether or not appellee, being a minor, was liable upon the contract as for necessaries. In the view we take of the case, the determination of the issue first above stated precludes the necessity of considering the second issue.

The uncontroverted facts in the case are substantially as follows: Appellant is a Pennsylvania corporation, having its principal place of business at Scranton, where as proprietor of the International Correspondence Schools, it edits, prints and publishes lesson or instruction papers, pamphlets and text books for the instruction of students in literary and technical knowledge. For the purpose of securing such students, appellant employs a corps of solicitors who are supervised by district and division superintendents. Each student is required to sign a contract to pursue the course of instruction which he may select, and when such contract is approved by appellant at Scranton (which approval is merely a formal matter) the necessary instruction papers are sent to the student by mail or express, at intervals, so long as he shall keep up his payments and shall return to appellant such lesson. papers as he has studied with his answers thereto, for inspection, correction and grading. When the student has paid $10 upon his contract, appellant provides him as bailee with a text book or text books covering the course of instruction pursued up to that time. Appellant ships all of its text books for use of its students, within the territory where appellee resided, in carload lots to Chicago from which place they are sent to the students residing within such territory by mail or express. After appellee had pursued his studies for some time and had paid to appellant $15 upon the contract, he, for some reason which is here immaterial, refused to make any further

payments thereon or to further pursue the prescribed course of instruction.

It is urged on behalf of appellant that in making the contract and performing the same as above stated, it was not transacting business or exercising its corporate powers or franchises in the State of Illinois within the meaning of the act relating to foreign corporations, and that a holding to the contrary would be in conflict with the commerce clause of the Federal constitution, whereby the power to regulate commerce between the several states is vested exclusively in Congress, and would operate as a restriction upon interstate commerce. It is conceded by appellant that if it shall be held to have been transacting business or exercising its corporate powers or franchises in this state, it cannot maintain this suit, and that a judgment of affirmance must follow.

The expression "doing business in this state," which is the equivalent of the expression "transacting business in this state," has been defined to mean, doing the business or character of business for which the corporation was organized. People v. C., I. & L. Ry. Co., 223 Ill. 581. The mere fact that appellant employed agents to solicit prospective students to enter into contract with it, whereby it became bound to send to such students lesson papers, pamphlets and text books for the purpose of instruction, might not constitute transacting business in this state, within the meaning of the statute, but the evidence in this case shows that appellant was organized for the purpose, among others, of conducting schools by correspondence, and its functions in that regard involved much more than the mere delivery by it to its students of lesson papers, pamphlets and text books. In the performance of its corporate functions it examined and corrected, from time to time by correspondence the papers submitted to it by its students in the several courses of study pursued by them and in like manner informed the students as to the character of the work

done by them. The insistence by appellant that in so conducting a school it was not transacting business in Illinois, because its buildings, instructors and executive officers were all located in Scranton, Pennsylvania, is not tenable in view of the fact that a school cannot exist without pupils, and necessarily where the pupils and instructors are located in different states, the school cannot properly be said to have an exclusive *situs* in one state. Furthermore, the evidence discloses that appellant maintained a distributing office in the city of Chicago in this state, where it shipped text books in carload lots, which text books it thereafter sent in single volumes by mail or express from Chicago to its students residing within a certain territory. This constituted transacting business in this state.

The precise question involved in the case at bar was determined by the Supreme Court of Wisconsin in a similar suit brought by the appellant here against one Peterson, in which it was held that: ''The details of soliciting pupils, imparting instruction, the delivery, bailment and return of books, would also come within the prohibition against transacting business in this state.'' International Text Book Co. v. Peterson, 133 Wis. 302. The provisions of the Wisconsin statute with reference to foreign corporations doing business in that state are very similar to the provisions of the statute here involved.

The judgment of the Circuit Court was right and is affirmed.

*Affirmed.*