### Pressed Radiator Company, Appellee, v. Arthur F. Hughes, Appellant.

1. APPEALS AND ERRORS—*when questions of law not presented.* If a case has been tried by the court without a jury and no questions as to the rulings of the court upon the admission or exclusion of the evidence are argued by counsel and no written propositions of law were submitted to be passed upon by the trial court before and at the time of rendering judgment, no questions of law are presented for the determination of the Appellate Court.

2. SURETYSHIP—*when guaranty binding without acceptance or notice of acceptance.* A guaranty absolute and unqualified becomes effective as soon as acted upon and no formal acceptance and no notice of acceptance are essential in order to bind the guarantor.

3. CORPORATIONS—*what not doing business in this State contrary to statute applying to foreign.* The mere bringing of a suit by a foreign corporation is not in itself a doing of business in this State within the meaning of the statute regulating foreign corporations doing business in this State.

4. CORPORATIONS—*what not doing business in this State contrary to statute applying to foreign.* The mere fact that a corporation has an agent in this State and that such agent has an office in this State, does not preclude such corporation from maintaining an action in this State upon a contract legally made outside of this State.

Assumpsit. Appeal from the County Court of Sangamon county; the Hon. GEORGE W. MURRAY, Judge, presiding. Heard in this court at the November term, 1909. Affirmed. Opinion filed March 30, 1910.

CHARLES G. BRIGGLE and S. H. CUMMINS, for appellant.

MONROE & MONROE, for appellee

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is a suit in assumpsit by appellee, a corporation organized under the laws of Pennsylvania, against appellant, upon the following written instrument:

"Springfield, Ill., May 14, 1907.
"Pressed Radiator Co., Pittsburgh, Pa.

Gentlemen:—I hereby guarantee payment of invoice covering the forty (40) radiators purchased of you by Mr. F. P. Sexton, the heating contractor of this city, for my new flat building now in course of construction. I understand that you are not acquainted with Mr. Sexton, and guarantee the payment so as to avoid delay of shipment.

A. F. HUGHES."

The declaration alleges the execution and delivery of the said guaranty by the defendant, and that he thereby guaranteed the payment to the plaintiff of the invoice price of said radiators in the sum of $453.47; that the plaintiff delivered to said Sexton the said radiators; that the same were used by Sexton in the construction of the Hughes flat, and that the defendant had not paid the price of the same.

To this declaration the defendant interposed the general issue, and a special plea alleging that the plaintiff was an organized corporation for profit, and was not a railroad or telegraph company, nor in the insurance or banking business or money loaning business; that the merchandise sold to the said Sexton, for which the suit was brought, was sold and brought into the State of Illinois since January 1, 1902; that the plaintiff as such corporation had not at the time of the commencement of the suit, as is by the statute provided, filed with the Secretary of State its articles or certificate of incorporation, or statement of capital stock represented in Illinois, as provided by law; nor had the plaintiff prior to or at the commencement of the suit

been licensed to do business in the State of Illinois as is by law provided; and that the plaintiff at the time of the commencement of the suit had no certificate of authority nor had any ever been issued to it to do business in the State of Illinois.

A demurrer was overruled to said plea, whereupon appellee filed a replication alleging that the order for said goods was solicited by plaintiff's traveling salesman from said Sexton, and thereupon defendant guaranteed in writing the payment of the sum as alleged in said declaration; that said order and defendant's guaranty as aforesaid, were by plaintiff's salesman forwarded by mail to plaintiff for acceptance, at its home office in the city of Pittsburgh, in the State of Pennsylvania; that plaintiff upon the receipt of said order and guaranty aforesaid, then and there accepted said order and guaranty and then and there delivered said goods to the Wabash Railroad for said Sexton, and the same were accepted by it for said Sexton as a common carrier of freight from the State of Pennsylvania to the State of Illinois and delivered to said Sexton as a shipment of interstate commerce; without this that the plaintiff in the taking and acceptance of said order and said guaranty, and in the sale, shipment and delivery of the goods in its declaration alleged, transacted any business or exercised any of its corporate powers in the State of Illinois.

To this replication the defendant interposed a demurrer which was overruled. Thereupon the defendant filed a rejoinder thereto, denying that the said goods were sold in Pennsylvania and denying that the same were interstate commerce. A demurrer was overruled to the rejoinder, and afterward the defendant asked leave to file the following additional pleas, by which it was alleged in substance: First, that on May 14, 1907, the defendant offered and proposed said guaranty to one Ostrander at Decatur, Illinois, and not to the plaintiff as by said guaranty supposed, and that

thereafter the defendant had no notice whatever that the plaintiff had accepted said guaranty, and upon the faith of said guaranty given credit to said Sexton on account of the purchase of the said radiators, and that by reason of the failure of the plaintiff to so notify the defendant, the defendant paid to said Sexton the said sum of money mentioned in the declaration; second, that on May 14, 1907, the defendant offered to give the plaintiff the said written guaranty in consideration that it would give credit to one Sexton on account of the future purchase mentioned in said guaranty; that after the making of the said offer of said guaranty, the plaintiff failed within a reasonable time thereafter to give the defendant notice of its acceptance thereof, or that the plaintiff had on account of said guaranty, extended such credit to Sexton; third, that the said guaranty was delivered to one Ostrander, the general agent and salesman in the State of Illinois for the plaintiff, upon the condition that the plaintiff would accept the same and extend credit to Sexton for the future purchase of it, the plaintiff, at Pittsburgh, Pennsylvania, of 40 radiators, and that after the making of the offer to guarantee the credit, which the plaintiff might on account of said guaranty, extend to said Sexton, it, the plaintiff, failed to extend the same to him; whereby said guaranty was without any good or valuable consideration whatever. The court refused to allow appellant to file either of said pleas.

The evidence discloses that appellee is a foreign corporation and had not prior to or at the commencement of this suit complied with the laws of this state in regard to foreign corporations doing business therein. Appellant was constructing a flat building in the city of Springfield, Illinois. One Sexton had the contract for installing a heating system in the same, and ordered a number of radiators from appellee through one Ostrander, who maintained an office at Decatur, Illinois. After receiving the order Ostrander applied to

appellant to guarantee payment for the goods, and appellant signed and delivered to Ostrander at Decatur, Illinois, the guaranty in question. The radiators were shipped by appellee from Pittsburgh, Pennsylvania, direct to Sexton at Springfield, and were installed by him in appellant's building. He afterward paid Sexton for the same.

No questions as to the ruling of the court upon the admission or exclusion of evidence are argued by counsel. No written propositions of law were submitted to be passed upon by the trial court before or at the time of rendering judgment, and no question of law is therefore presented by the record for our determination. Mutual Prot. League v. McKee, 223 Ill. 364. We can therefore only presume as to what were the views of the trial judge as to the principles of law applicable to the facts of the case.

Counsel for appellant contend that the court abused its discretion in refusing to permit the additional special pleas to be filed, and cite Newman v. Coal Co., 19 Ill. App. 594, wherein it is held that where a guaranty is uncertain and unlimited in amount the guarantor is not bound unless he is notified within a reasonable time that the guaranty is accepted and is being acted upon. The rule invoked has no application to the guaranty in this case, which is upon its face an absolute undertaking and not dependent upon any future contingency. The guaranty is for the invoice price for 40 radiators, and is therefore definite and ascertained. Frost v. Metal Co., 215 Ill. 241; Cook v. Orne, 37 Ill. 190; Mfg. Co. v. Gilmore, 142 Ill. App. 567. The guaranty in the Newman case, *supra,* was a guaranty to pay for the amount of coal that might be purchased at the market price for a year. Neither the quantity of coal to be purchased, the price, nor the time for which the contemplated deal was to continue, was in any way fixed or limited. The amount was thus uncertain and indefinite and the undertaking constituted a continuing

guaranty for future indebtedness. Neither has the principle that an offer to guarantee the debt of another about to be created, must be accepted within a certain time and notice given to the guarantor of such acceptance, any application to the case at bar. The guaranty here involved being absolute and unqualified, became effective as soon as acted upon, and no notice of its acceptance was essential in order to bind the guarantor. Brandt on Sure. and Guar., sec. 193; Davis Sewing Machine Co. v. Richards, 115 U. S. 524. It follows that had the pleas been allowed they would have been unavailing.

The contention that a foreign corporation must have complied with the provisions of the statute before it could institute the present suit, because the bringing of the suit is in itself doing business within the meaning of the statute and is the exercise of one of the corporate powers of the corporation, is answered adversely to appellant by our Supreme Court in Alpena Portland Cement Co. v. Jenkins & Reynolds Co., 244 Ill. 354. It is there held that the words "doing business" and "transacting business" as used in statutes regulating foreign corporations, have by numerous judicial decisions been given a settled and recognized meaning and refer only to the transaction of the ordinary business in which the corporation is engaged, and do not include acts not constituting any part of its ordinary business, such as instituting and prosecuting actions in courts, and that foreign corporations which have not been guilty of any violation of the statute in question may institute and maintain suits in the courts of this state.

Appellant testified that he signed the guaranty and forwarded it to Ostrander. Gordon, the treasurer of appellee company, testified that the order for the radiators and the guaranty were received by him through the mail on May 16, 1907, and that on that date acceptance of the company was mailed to Sexton; that the traveling salesman of the company had no authority to

make sales or accept guaranties, but that the sales were made by him at Pittsburgh, Pennsylvania, and that the orders and guaranty were passed upon and accepted by him at that place; that when he received the order in question based upon the credit of Sexton alone, he refused to accept it, but that after the receipt of the written guaranty of appellant, he, acting for the company, agreed to accept and fill the order. Appellant introduced no evidence tending to show that Ostrander accepted the order for the radiators or the guaranty sued upon, in this state. On the contrary, the conclusion to be drawn from his own testimony is that he knew he was dealing with appellee at Pittsburgh; whether he knew that Ostrander had no authority to complete sales or accept orders or guaranties is immaterial. Nor was any evidence introduced by appellant tending to show that the sale was completed in Illinois. On the contrary he admitted that he received a letter from Ostrander advising him that the company would not accept the order or ship the goods unless appellant guaranteed the payment, and that he thereafter executed the guaranty addressed to appellee at Pittsburgh.

Appellant introduced evidence which tended to show that the following letter-head was printed upon a letter received by him from Ostrander several months after the transaction in question; and further that about the same time he saw similar letter-heads in Ostrander's office:

"New York, Flat Iron Building
Chicago, First National Bank Building
St. Louis, 312 S Eighth St

The Pressed Radiator Company
Pittsburgh, Pennsylvania
Works, West Pittsburgh, Pa.
Kinnear Sheet Metal Radiators
Chicago, Ills.    Decatur, Ill. 12-2-07."

Counsel insist that such facts support their contention that appellee was doing business in Illinois at the

time of the transaction; that when a foreign corpora-
tion has an established place of business or an agency
and office located in the state through which it trans-
acts its business, it is doing business within the lan-
guage of the statute. While the evidence referred to
tended slightly to establish appellant's contention,
standing by itself it has but little probative force. We
do not think the mere fact that appellee had an agent
in the state and that said agent had an office, would
have the broad effect claimed. In International Text
Book Co. v. Mueller, 149 Ill. App. 509, cited by appel-
lant, the evidence disclosed that the foreign corpora-
tion maintained a distributing office within the state.
Such fact does not appear in the present record.

The place where a contract is made does not depend
upon the place where it is actually written, signed and
dated, but where it is delivered and accepted as con-
summating the bargain. First Dan. Neg. Inst., 4th ed.
868; Gay v. Rainey, 89 Ill. 225. Where an agent em-
ployed by a foreign corporation in a state having a re-
strictive statute to solicit orders and make estimates of
material to be furnished therefor, and such order is
sent by such traveling salesman to the home office of
such foreign corporation in a foreign state, for accept-
ance, and such order is there accepted and filled by
direct shipment from the home office to the customer,
the corporation is not deemed to be "doing business"
within the meaning of the restrictive statute. Havens-
Geddes Co. v. Diamond, 93 App. 557; John Spry Lum-
ber Co. v. Chappell, 184 Ill. 539; Cooper Mfg. Co. v.
Ferguson, 113 U. S. 727; Tokheim Mfg. Co. v. Stoyles,
142 Ill. App. 198; Central Mfg. Co. v. Briggs, 106 id.
419.

The finding of a trial judge on an issue of fact will
be accorded the same weight as the verdict of a jury,
and his finding will not be disturbed unless it is made
to appear that it is clearly and manifestly against the
weight of the evidence. The trial judge was war-
ranted in finding that the transaction here involved was

completed in Pennsylvania; that the minds of the parties met and the trade was consummated and the goods delivered in that state. A transaction of this character constitutes interstate commerce and cannot be controlled by the laws of this state.

We are of opinion that the evidence fails. to show that the appellee company was doing business or exercising any of its corporate powers within this state, within the meaning of the statute relative to foreign corporations.

The judgment of the county court will be affirmed.

*Affirmed.*