## American Sales Book Company, Appellant, v. Edward Wemple et al., Appellees.

1. CORPORATIONS—*what not doing business in this state.* Where an agent employed by a foreign corporation in a state having a restrictive statute, solicits orders, and an order so procured is sent by such traveling salesman to the home office of such foreign corporation, in a foreign state, for acceptance, and the same is there accepted and filled by direct shipment from the home office to the customer, the corporation is not deemed to be doing business within the meaning of the restrictive statute.

2. PLEADING—*when plea nul tiel corporation not essential.* A plea of *nul tiel* corporation is not necessary in trials before justices of the peace or *de novo* on appeal therefrom. The question of corporate existence is sufficiently raised if counsel at the inception of the trial states that the corporate existence of the plaintiff is denied.

*Assumpsit.* Appeal from the Circuit Court of Morgan County; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the May term, 1911. Affirmed. Opinion filed March 15, 1912.

CHARLES G. BRIGGLE, for appellant.

M. T. LAYMAN, for appellees.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is a suit in *assumpsit* originally instituted before a justice of the peace, from whence it was taken by appeal to the Circuit Court. At the conclusion of the trial in the latter court, the judge directed a verdict in favor of the defendants, and rendered judgment thereon. The suit is for the recovery of the purchase price of merchandise sold by the plaintiff to the defendants.

The evidence discloses that a traveling salesman in the employ of the plaintiff called upon the defendants and procured from them a written order for certain merchandise. Such order, after specifying in detail

the character and kind of goods desired, and the price and terms of payment, reads in part as follows: "This order is taken subject to the written approval of the American Sales Book Company of Elmira, New York, and when so approved shall be a valid and irrevocable contract between said parties. If the order is accepted an acknowledgment will be mailed from the factory. All accepted orders are subject to delay by accident, strikes or causes beyond our control," to which clause is attached the name of the plaintiff. The evidence further shows that such order was forwarded to the factory of the plaintiff at Elmira, New York, and a card of acceptance of the same afterward mailed to the defendants, and the merchandise shipped from Elmira, New York, to them at Waverly, Illinois.

The motion to direct a verdict was predicated upon the alleged failure of the plaintiff to prove its corporate capacity to sue, and if it was a foreign corporation, its failure to prove that it had complied with the statute relative to foreign corporations, so as to authorize it to transact business in the State of Illinois. The remarks of the trial judge, as they appear in the record, indicate that the motion was sustained upon the latter ground.

The contention that the transaction here involved amounted to "doing business" in the State of Illinois contrary to the statute, is sufficiently answered by what is said in the opinion of this court in Hughes v. Pressed Radiator Co., 155 Ill. App. 80, in which it is held, under substantially similar facts, that where an agent employed by a foreign corporation in a state having a restrictive statute, solicits orders, and an order so procured is sent by such traveling salesman to the home office of such foreign corporation, in a foreign state, for acceptance, and the same is there accepted and filled by direct shipment from the home office to the customer, the corporation is not deemed to be "doing business" within the meaning of the restrictive statute.

We think, however, that the contention that the plaintiff failed to prove its corporate capacity to sue, is well grounded. While it has been held that in courts of record a written plea of *nul tiel* corporation is necessary where it is desired to raise the question of the corporate existence of the plaintiff, no such plea is necessary in trials before justices of the peace or *de novo* on appeal therefrom, no written or formal pleadings being required. All proper defenses are presumed to be pleaded. The present suit, as indicated by the summons, was instituted by the plaintiff in its alleged corporate capacity. The question of its corporate existence was sufficiently raised at the inception of the trial in the Circuit Court, at which time counsel for the defendants insisted orally that in order to recover it was essential that the plaintiff should make proof of its corporate existence. Thereafter its failure to make such proof was urged as a ground for directing a verdict. This, we think, was sufficient to raise the issue, and the defendants had the right to insist upon proof thereunder, precisely the same as if a plea had been filed. Town v. Proctor, 27 Ill. 413. Upon a careful search of the record, we are unable to find any evidence whatever tending to show that the plaintiff was a corporation, either *de jure* or *de facto,* or that it acted as or purported to be such. It is true that if it appeared that the defendants had contracted with the plaintiff as a corporation, or had executed written instruments to it as such, they would be estopped to deny the corporate existence. The evidence fails to warrant the application of such rule. The order in question in no way describes or refers to the plaintiff as a corporation, either directly or indirectly. Neither the word "corporation" nor "incorporated" appears thereupon. So far as the record discloses, there was nothing prior to the service of summons to advise the defendants that the plaintiff was or claimed to be a corporation, other than the

use of the word "Company," which is equally applicable to a partnership.

In the absence of proof of the corporate capacity of the plaintiff, the trial court properly directed a verdict for the defendants and the judgment will be affirmed.

*Affirmed.*