## American Insurance Company of Newark, New Jersey, Appellant, v. A. F. McClelland, Appellee.

1. CORPORATIONS, § 51*—*proof of corporate existence under plea of nul tiel corporation.* In an action on a promissory note where the declaration alleges that plaintiff. is a corporation and issue is joined on a plea of *nul tiel corporation,* plaintiff is required to prove its corporate existence at least *de facto,* and where no attempt is made to prove its corporate existence by the introduction in evidence of its character or the general law under which it claims to be incorporated, oral testimony of witnesses that it was in fact a corporation, *held* properly excluded as not the best evidence.

2. CORPORATIONS, § 55*—*when certificates issued by insurance department. of this State not admissible to prove corporate existence.* Certificates issued by the Insurance department of this State authorizing an insurance company to conduct its business in this State do not tend to prove its existence as a corporation, since the act of the Legislature authorizing their issuance applies equally to partnerships, associations or corporations.

3. CORPORATIONS, § 53*—*evidence sufficient to prove corporate existence de facto.* A corporation may make proof of its corporate existence *de facto* by introducing in evidence its charter or the act through which its existence is made possible together with proof of the exercise under it of the franchise and powers thereby granted.

4. CORPORATIONS, § 59*—*when person executing note to corporation not estopped to deny its corporate existence.* Where a person executed a promissory note to a corporation and suit is brought thereon by the corporation, the maker is not estopped to deny its corporate existence where the instrument sued on in no way de-

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

382          APPELLATE COURTS OF ILLINOIS.

American Ins. Co. of Newark, N. J. v. McClelland, 184 Ill. App. 381.

scribes or refers to the plaintiff as a corporation either directly or indirectly and neither the word "corporation" nor "incorporated" appears thereon, and this though the plaintiff is mentioned as a company, since the word "company" is equally applicable to a partnership.

5. CORPORATIONS, § 50*—*when introduction in evidence of instrument executed to corporation not prima facie evidence of its de facto existence in suit thereon.* The rule that where a corporation sues on an instrument executed to it as a corporation the introduction of such instrument is sufficient *prima facie* evidence of its *de facto* existence, does not apply where plaintiff alleges it is a corporation and issue is joined on a plea *nul tiel corporation.*

Appeal from the Circuit Court of Champaign county; the Hon. SOLON PHILBRICK, Judge, presiding. Heard in this court at the April term, 1913. Affirmed. Opinion filed October 16, 1913.

SCHAEFER & DOLAN and GREEN & PALMER, for appellant; ORIS BARTH, of counsel.

DOBBINS & DOBBINS, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This suit was brought by the American Insurance Company of Newark, New Jersey, in the Circuit Court to recover upon a promissory note signed by A. F. McClelland; the declaration avers that plaintiff is a corporation.

The defendant, among other pleas, filed pleas of *nul tiel corporation* and the general issue to which the plaintiff replied. Issue was joined upon the replication to the plea of *nul tiel corporation* as well as upon the general replication to other special pleas; the cause was tried before a jury.

Plaintiff offered in evidence the note sued on and attempted to prove by the oral testimony of a witness that it was in fact a corporation, that it had a corporate seal and transacted business under such seal, but upon objection the oral testimony was excluded as not the best evidence. Plaintiff also offered the certificate issued by the insurance superintendent

for the year 1913, from the Insurance Department of the State of Illinois, dated January 8, 1913, reciting that plaintiff had complied with all the requirements of the law of the State of Illinois and authorizing it to "transact its appropriate business of Fire Insurance in this State in accordance with the laws thereof, until the first day of February, A. D. 1913."

Upon objection by defendant this certificate was excluded as was also a certificate issued February 1, 1912, over the signature and under the seal of the insurance superintendent of the State of Illinois showing that plaintiff had filed with the Insurance Department a sworn statement showing its condition on Dec. 31, 1911. "In accordance with the provisions of * * * 'An Act to incorporate and govern Fire, Marine and Inland Navigation Insurance Companies doing business in the State of Illinois.'"

Plaintiff thereupon rested its case and upon motion of defendant a verdict was directed for defendant and judgment entered against plaintiff in bar of action and for costs, from which judgment plaintiff appealed to this court.

Under the issues framed upon the plea of *nul tiel corporation,* appellant was bound to prove its corporate existence at least *de facto.* To prove such existence it is sufficient to introduce its charter or the act through which its existence is made possible together with proof of the exercise under it of the franchise and powers thereby granted. *American Sales Book Co. v. Wemple,* 168 Ill. App. 639; *Dean & Son v. W. B. Conkey Co.,* 180 Ill. App. 162.

No attempt was made to make proof of the corporate existence of appellant by the introduction of its charter or the general law under which it claims to be incorporated, and the oral testimony offered as to user was properly excluded as not the best evidence.

The certificates issued by the Insurance Department of the State of Illinois authorizing appellant to conduct its business in this State do not tend to prove

384    APPELLATE COURTS OF ILLINOIS.

American Ins. Co. of Newark, N. J. v. McClelland, 184 Ill. App. 381.

its existence as a corporation, inasmuch as the act of the Legislature under the authority of which they were issued applies equally to partnerships, associations or corporations. Hurd's Statute c. 73, ¶¶ 31, 32. (J. & A. ¶¶ 6329, 6330.)

Appellant relies for a reversal in this suit upon the proposition that appellee had contracted with it as a corporation and had executed the instrument sued on to it as such, and therefore appellee is estopped to deny the corporate existence.

The instrument relied upon reads as follows:

"Agent fill out this end of note:

Sec. 16, Town...., Lot...., Block...., Brown; P. O..... Foosland; Co..... Champaign,.... Illinois. Agent's Name—L. W. Cole.

$264.50.                                    No. 756025.

On the first day of Feb., 1912, for value received, I promise to pay to The American Insurance Company, of Newark, N. J., or order, Two Hundred and Sixty-four 50-100 Dollars, in payment of premium for Policy No........ of said Company, payable at Foosland bank, at Foosland or (if not otherwise specified) at its office in the city of Rockford, Illinois.

If this note is paid within three months from date no interest will be charged. And it is hereby agreed that if this note is not paid at maturity, the whole amount of premium of said Policy shall be considered as earned and payable, and the policy shall be suspended, and the company shall not be liable for any loss or damage that may occur to the property insured while this note shall be past due and unpaid. In case of loss, this note shall become due and payable and shall be deducted from the amount of said loss. And it is further agreed that if suit is brought for the collection of this note I promise to pay expenses of collection and attorney's fees and without relief from valuation or appraisement laws. The company is authorized to insert in this note the Number of Policy. It is understood and agreed that this Note is not negotiable.

Dated at her house this 8th day of Nov., 1911.
Witness to signature—(Signed)   A. F. McClelland.

. . . . . . . . . . . .                          . . . . . . . . . . . .
Party owns 750 acres worth $200 per acre."

There is nothing in the note referring to or intimating that appellant is a corporation.   It was held by this court in *American Sales Book Co. v. Wemple, supra,* upon facts practically identical with the case at bar, the instrument in question "in no way describes or refers to the plaintiff as a corporation, either directly or indirectly.   Neither the word 'corporation' nor 'incorporated' appears thereupon." The word company "is equally applicable to a partnership."

We have examined the case of *Hudson v. Green Hill Seminary Corp.,* 113 Ill. 618, cited by appellant, and the cases there cited, where the court seems to hold that the execution of the instrument upon which the suit was brought was sufficient *prima facie* evidence of the existence of the corporation, under a plea of *nul tiel corporation,* but this holding was not necessary for the decision of the case inasmuch as there was other proof of its existence as a corporation *de facto,* and in that case the trial court found for the plaintiff and the judgment of the lower court was affirmed.

All the authorities, including the many cited in 113 Ill. 618, hold that where the instrument sued on is executed to the corporation as such that the introduction of such instrument is sufficient *prima facie* evidence of its *de facto* existence.

The reason for the rule, where the instrument itself does not disclose a corporate existence, is that the burden of proving corporate existence when there is a plea of *nul tiel corporation* is on the plaintiff, since the plea denies the averment of the declaration. *Bailey v. Valley National Bank,* 127 Ill. 332, and cases cited; 5 Encyc. Pl. & Pr. 82.

Appellant having alleged that it was a corporation, it was necessary that there be some proof either in the instrument itself, or otherwise, of its corporate existence.

There being no competent evidence of the corporate capacity of appellant, the trial court properly directed a verdict for the appellee and the judgment will be affirmed.

*Affirmed.*

MR. JUSTICE PHILBRICK took no part in the consideration of this case.