## International Text Book Company, Appellant, v. John F. Galligan, Appellee.

1. CORPORATIONS, § 48*—*necessity of denial in writing of corporate existence when suit commenced before justice of the peace.* In an action by a foreign corporation where the suit was originally begun before a justice of the peace and an appeal was taken to the County Court, the plaintiff is not required to prove its corporate existence where defendant has not complied with section 65, ch. 79, of the act relating to justices and constables, J. & A. ¶ 6926, by filing a denial in writing of plaintiff's corporate existence.

2. CORPORATIONS, § 774*—*proof of corporate existence of foreign corporation.* A foreign corporation cannot prove its corporate existence by offering in evidence a certificate of its incorporation without offering to prove the foreign statute under which it was created.

Appeal from the County Court of Sangamon county; the Hon. JOHN B. WEAVER, Judge, presiding. Heard in this court at the October term, 1913. Reversed and remanded. Opinion filed December 27, 1913.

D. LOGAN GIFFIN and JOHN P. SNIGG, for appellant.

S. H. CUMMINS, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is an action in *assumpsit* begun before a justice of the peace in Sangamon county to recover for the breach of a contract; from the judgment before the justice an appeal was perfected to the County Court. The contract is a subscription for an architectural course in a correspondence school of plaintiff signed by the defendant at Springfield and forwarded to Scranton, Pa., where it was accepted by plaintiff. A trial by jury was waived and after the hearing was begun the defendant objected to the admission in evidence of the written proposition until proof was made of the complete organization of the International Text

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

Book Company. The court sustained the objection to this evidence. The plaintiff also offered in evidence what purported to be a certificate of the incorporation of plaintiff in the State of Pennsylvania, certified to by the Secretary of State under the seal of the State. This was objected to and the objection sustained to this and all other evidence offered. The court rendered judgment in favor of the defendant and the plaintiff appeals.

It is contended that the court erred in sustaining the objection to the evidence of appellant concerning the contract. The court sustained this objection for the reason that appellant had not proved that it was a corporation. There was no plea of *nul tiel corporation* or denial in writing of the corporate existence of appellant filed. Section 65 of chapter 79 of the Statute (the act revising the law concerning justices of the peace) provides: "In actions by or against corporations, it shall not be necessary to prove the existence of such corporation, or that it sues or is sued by its corporate name, unless previous to the commencement of the trial, the corporate existence of such plaintiff or defendant, or that its name is correctly stated is denied in writing, signed by the party making such denial or by his agent or attorney." (J. & A. ¶ 6926.) There being no such denial on file the court erroneously sustained the objection to the evidence offered. Appellee cites the case of *American Sales Book Co. v. Wemple,* 168 Ill. App. 639, as authority for the ruling of the court. The foregoing statute is not referred to in that case and appears to have been overlooked by the court and counsel. The statute must control until it has been repealed or set aside.

The proof that appellant offered to make of its incorporation in a foreign State was insufficient, for the reason the proof of the law under which it was attempted to be incorporated was necessary as well as existence under color of such sanction. The appellant should have offered the statute of Pennsylvania under

which the supposed corporation might lawfully be created if there had been a denial in writing of appellant's corporate existence on file. *Marshall v. Keach,* 227 Ill. 35; *Dean & Son v. W. B. Conkey Co.,* 180 Ill. App. 162. However, since there was no denial in writing of plaintiff's incorporation on file, it was not necessary to offer any proof on that question.

For the error pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*