3. EVIDENCE, § 128*—*necessity of foundation for admission of copy of receipt.* A purported copy of a certain receipt was improperly received in evidence in the absence of proof to lay the foundation for its introduction.

4. APPEAL AND ERROR, § 1793*—*when judgment reversed as to all defendants.* A judgment in trover which is erroneous as to some defendants must be reversed as to all.

## United States Fashion & Sample Book Company, Appellant, v. W. D. Schmidt, trading as W. D. Schmidt & Company, Appellee.

### Gen. No. 22,925.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. FRANK H. GRAHAM, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1916. Reversed and remanded. Opinion filed December 21, 1917.

## Statement of the Case.

Action by United States Fashion & Sample Book Company, a corporation, plaintiff, against W. D. Schmidt, trading as W. D. Schmidt & Company, defendant, to recover $686.75, on account for goods, wares and merchandise. From a judgment for defendant on a directed verdict, plaintiff appeals.

Defendant filed claim of set-off for credits and damages of $484.20 "due the defendant less the sum of $686.75 as sued for by plaintiff"; also, after trial was begun, an affidavit setting up that plaintiff was a corporation for profit organized under the laws of the State of Pennsylvania, etc., and that it was and had been doing business in the State of Illinois, although never authorized to do so, and by reason of the statute approved May 18, 1905, could not maintain its action, on which ground verdict was directed.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

U. S. Fashion & S. B. Co. v. Schmidt, 209 Ill. App. 240.

HOYNE, O'CONNOR & IRWIN, for appellant.

D. K. COCHRANE, for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

## Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 13*—*when statement of claim is sufficient.* A statement of claim demanding a certain sum claimed to be due plaintiff on account for goods, wares and merchandise, *held* to state a good cause of action.

2. SALES, § 325*—*what constitutes a prima facie case in action for goods sold.* In an action for goods sold to defendant, a claim of set-off for a certain sum "less" the amount as sued for, *held* to be an admission by pleading making a prima facie case for plaintiff, and casting on defendant burden of proving set-off.

3. CORPORATIONS, § 709*—*when foreign corporation is doing business within State.* Plaintiff, a foreign corporation, was doing business within the State, where it maintained an office in the State in charge of its vice president, and orders were taken and accepted within the State on samples for shipments of the corporation's goods from the place of manufacture without the State to the customer within the State.

4. COMMERCE, § 4*—*what constitutes interstate.* Where a foreign corporation made contracts within the State contemplating the manufacture of its goods without the State, and their shipment from the place of manufacture to the customer within the State, *held* that the transaction would constitute interstate commerce.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.