## London Guaranty & Accident Company, Ltd., Appellant, v. John E. Watte, trading as John E. Watte & Company, Appellee.

### Gen. No. 28,779.

FOREIGN CORPORATIONS—*right of action for price of goods sold in interstate commerce by unlicensed foreign corporation.* Where a corporation organized under the laws of another state sold merchandise through a general broker located in this State to defendant, a resident of this State, and such merchandise was manufactured in the other State and shipped to defendant, the transaction was interstate commerce and the Foreign Corporation Act of this State, Cahill's Ill. St. ch. 32, ¶ 80 *et seq.*, would not operate to prevent an action for the purchase price although the corporation had not obtained a license to do business in the State.

Appeal by plaintiff from the Municipal Court of Chicago; the Hon. DENNIS W. SULLIVAN, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1923. Reversed and remanded. Opinion filed October 30, 1924.

VOSE & PAGE, for appellant; LEE W. CARRIER, of counsel.

CHARLES A. CHURAN, for appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff, as assignee of the Quaker City Sweater Mills Company, a corporation, brought suit against the defendant to recover for goods, wares and merchandise sold by the Mills Company to the defendant, claiming $850 with interest thereon at 5 per cent from May 6, 1918. To the statement of claim the defendant filed an affidavit of merits which might be considered in the nature of a set-off in which he set up that there was due and owing from the Mills Company the sum of $385.16, leaving a balance of $464.34, which would be due and owing from him to the plaintiff, if the Mills Company, which was a foreign corporation, had been authorized to do business in this State, but averred that it was not so authorized and, therefore, there was nothing due from him to the plaintiff. The jury found the issues against the plaintiff and judgment was entered thereon.

The record discloses that the Mills Company was a corporation organized under the laws of Pennsylvania and that it had not complied with the Foreign Corporation Act of this State by obtaining a license to do business here; that through one Hickey, a general broker, who was located in Chicago, it sold a certain number of sweaters to the defendant; that the sweaters were manufactured at its plant in Philadelphia and delivered to the defendant at Chicago and that the defendant had not paid for them. It is to recover the purchase price of the sweaters that the plaintiff, the assignee of the Mills Company, brings this suit.

The defense interposed, so far as it is necessary to state for the purpose of this decision, was that the Mills Company was a foreign corporation doing business in Illinois and had failed to obtain a license in this State as required by the Foreign Corporation Act of this State, and, therefore, the plaintiff could not

maintain its suit.  The court instructed the jury orally but the instructions are not abstracted and the case seems to have turned on the question as to whether the Mills Company was doing business in Illinois within the meaning of the statute of this State, it being conceded that there had not been obtained a license as required by the Foreign Corporation Act of this State.  And the effect of the jury finding against the plaintiff was that the Mills Company was doing business in this State, and, therefore, its assignee could not recover.  In this court counsel for both parties based almost their entire argument on the question as to whether the evidence discloses that the Mills Company was doing business within this State, although counsel for plaintiff touches the question that if the business the Mills Company was conducting in this State was interstate commerce, the act of this State requiring foreign corporations to be licensed here does not apply.  Counsel for the defendant cites and discusses a number of authorities in support of his contention that the record discloses that the Mills Company, a foreign corporation, was doing business in this State, and among them is the case of *United States Fashion & Sample Book Co. v. Schmidt,* 209 Ill. App. 240, which defendant's counsel contends is in point and which case holds, where the facts are substantially the same as in the instant case, that the foreign corporation in that case was doing business in this State.  It is unfortunate that the opinion in the *Schmidt* case was not reported in full, because while it is there held that the foreign corporation involved in that case was doing business in Illinois without having obtained a license, yet that question was not controlling because the business involved was interstate commerce.  In that case plaintiff brought suit to recover a balance claimed due for merchandise sold by it, a foreign corporation, to the defendant who resided in Chicago.  The defense was that plaintiff, be-

500    APPELLATE COURTS OF ILLINOIS.

London Guaranty & Accident Co., Ltd. v. Watte, 234 Ill. App. 497.

ing a foreign corporation and not having complied with the statute of this State, could not maintain its suit here, since the evidence disclosed that it was engaged in business in Illinois. This was the view of the trial court, but the judgment was reversed by this court where, after setting forth the evidence, it was said by Mr. Justice Matchett: "We think that since the contracts were made within the State, it must be held that the plaintiff was doing business within this State, but the real question is whether the business so carried on constituted interstate commerce. If it did constitute interstate commerce then the statute would not be applicable. *Lehigh Portland Cement Co. v. McLean,* 245 Ill. 326. If it was wholly 'intrastate as distinguished from interstate commerce, then the statute would apply and the verdict should have been directed." Citing the case of *International Text-Book Co. v. Pigg,* 217 U. S. 91.

. The commerce clause of the United States Constitution commits to Congress the exclusive right to regulate commerce among the several States. Clause 3, sec. 8, art. 1, U. S. Const.; *Dahnke-Walker Mill Co. v. Bondurant,* 257 U. S. 282; *International Text-Book Co. v. Pigg, supra; Sioux Remedy Co. v. Cope,* 235 U. S. 197. And in defining what constituted interstate commerce the Supreme Court of the United States in the *Pigg* case, said (p. 107): "Importation into one State from another is the indispensable element, the test of interstate commerce; and every negotiation, contract, trade and dealing between citizens of different States, which contemplates and causes such importation, whether it be of goods, persons *or information,* is a transaction of interstate commerce." And again in considering what was interstate commerce within the meaning of the national constitution, the court in the *Bondurant* case, said (p. 290): "Such commerce is not confined to transportation from one State to another, but comprehends all commercial intercourse between different States and all component

parts of that intercourse. Where goods in one State are transported into another for purposes of sale, the commerce does not end with the transporation, but embraces as well the sale of the goods after they reach their destination and while they are in the original packages.'' In the three cases cited, the United States Supreme Court held that State statutes which provided that a foreign corporation could not maintain a suit in the State courts to recover for goods sold unless it had complied with the State statute where the transaction was interstate commerce were in conflict with the United States Constitution and void. See also, *Bamberger-Stern Co. v. Anderson,* 207 Ill. App. 222, and *Cornelius Lumber Co. v. Frank I. Abbott,* 230 Ill. App. 650.

As above stated, in the case of the *Lehigh Portland Cement Co. v. McLean,* our Supreme Court has expressly held that our statute in reference to foreign corporations, requiring them to take out a license in this State as a condition precedent to doing business here, does not apply to interstate commerce. In the instant case, if we assume that the Mills Company was doing business in this State without having obtained a license for that purpose, this fact would constitute no defense to plaintiff's claim, because the transaction involved was one of interstate commerce.

Whether plaintiff is entitled to recover interest will depend upon the proof made upon the trial when the case is again tried and will be governed by the statute. *Ryerson & Son v. Shaw,* 277 Ill. 524.

The judgment of the municipal court is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

THOMSON and TAYLOR, JJ., concur.