Air Conditioning Training Corporation, Appellant, v. John Majer, Appellee.

Gen. No. 42,815.

Opinion filed December 13, 1944. Released for publication January 4, 1945.

OTTO A. KRALIK and SUMNER C. PALMER, both of Chicago, for appellant.

ALBERT H. WERNER, of Chicago, for appellee.

MR. JUSTICE KILEY delivered the opinion of the court.

This is an action by plaintiff to recover the tuition for a correspondence course in Refrigeration and Air Conditioning pursuant to a contract with defendant under which, in consideration of defendant's paying tuition fees, he was to receive a course of training and other benefits. The court gave judgment for defendant because "plaintiff had not made out a case under the law of this State."

The defendant answered, admitting the contract but claiming it was void for lack of mutuality; alleging that when the contract was made in October 1941, plaintiff had not complied with Section I of the Professional Manual and Mechanical Schools Act (Chapter 144, Par. 17a, Ill. Rev. Stats. [Jones Ill. Stats. Ann. 138.044]), making unlawful after January 1, 1928, conduct of such schools without a certificate of the State Department of Registration and Education; alleging that plaintiff is a foreign corporation having no certificate of authority under Section 102 of the Corporation Act, (Chapter 32, Paragraph 157.102 [Jones Ill. Stats. Ann. 32.105]) to do business in this State; and that it is a foreign corporation without authority to maintain this action under Section 125 of the Corporation Act [Ill. Rev. Stat. ch. 32, par. 157.125; Jones Ill. Stats. Ann. 32.128]. Two questions are raised: First, whether plaintiff a foreign corporation, may maintain the action; and second, whether the contract is valid.

From its answers to interrogatories it appears that plaintiff had no certificate from the State Department of Registration and Education and no certificate under Section 102 of the Corporation Act. At the trial plain-

tiff contended that its relations with defendant were interstate commerce business because ''we have no property in this State and we have no legal representative in this State, nor do we have our name in the telephone book.'' It was stipulated that plaintiff is located in Youngstown, Ohio; that its course of instructions were sent to defendant in the form of mimeographed sheets; that defendant was examined by plaintiff by way of printed examination sheets on which defendant wrote the answers; and that the answers were sent to plaintiff by defendant, corrected by it, graded and returned to him. From the deposition of plaintiff's secretary it appears that his duties were to pass on credits, prospective students and supervise correspondence from the students; that he approved defendant's credit and contract; received a down payment and one further payment; that the contract was accepted in Youngstown, Ohio by plaintiff's president; that the contract was received in duplicate by plaintiff and a copy returned to defendant; that defendant received lesson material, answered three examinations, receiving an average grade of 98.3; that plaintiff has no branch office or mailing address in Illinois and that all its correspondence is handled from Ohio; and that plaintiff has always been able and willing to fulfill its contract. Defendant's case consisted of a number of exhibits, including text books and examination sheets, correspondence, notices, etc. Answers to interrogatories further disclosed that defendant's credit under his contract was approved October 11, 1941, based on information given by plaintiff's representative and the defendant and references; and that the contract was plaintiff's usual printed form.

Defendant, having alleged that the plaintiff was ''doing business in the State without authority,'' had the burden of that proof. *Edward Lyman Bill, Inc. v. Leech,* 211 Ill. App. 578. Plaintiff's testimony showed, however, that at the time of the making of the con-

tract it was doing business in Illinois (*International Text Book Co. v. Mueller,* 149 Ill. App. 509; *International Text Book Co. v. Pigg,* 217 U. S. 91) ; but that its business, was interstate commerce. *International Text Book Co. v. Pigg;* and *International Text Book v. Tone,* 220 N. Y. 313. Our statute regulating foreign corporations transacting business in this State has no application to interstate commerce. *Emcee Corporation v. H. K. George,* 293 Ill. App. 240; *International Text Book v. Pigg,* 217 U. S. 91; *London Guarantee & Accident Co. v. John E. Watte & Co.,* 234 Ill. App. 497. Defendant mainly relied on *International Text Book v. Peterson,* 133 Wis. 302, the holding in which is different than, but is controlled by, the later holding in *International Text Book v. Pigg.* We believe, therefore, that since plaintiff was engaged in interstate commerce, its right to sue was not limited by the Illinois Corporation Act.

Defendant contends that the contract sued upon was invalid for want of mutuality, because "nowhere in the agreement does the plaintiff obligate itself to perform any act or promise to perform any act." It appears from the evidence that plaintiff, pursuant to receipt of the contract and defendant's down payment, proceeded to send defendant its mimeographed text book on air conditioning, various examination sheets which were later graded, returned to it and sent back to defendant, and has been "able and willing" to continue the course of instruction which it began. The evidence further shows that defendant in writing plaintiff to advise it of his difficulty in making payments, said: "I am not trying to break my contract because I enjoy the course greatly as you can readily see by my first three examinations." Under these circumstances, we believe that whatever the contract lacked in mutuality at its inception, was made up by plaintiff's performance and defendant's benefit thereafter. 17 C. J. S. 449.

For the reasons given the judgment of the trial court is reversed and the cause is remanded with directions to enter judgment for the plaintiff for $214.50 plus interest, in accordance with its claim.

*Reversed and remanded with directions.*

BURKE, P. J., and LUPE, J., concur.