THE PEOPLE *ex rel.* James W. Waber, Petitioner, *vs.*
HOSEA W. WELLS *et al.* Respondents.

*Opinion filed October 26, 1912.*

1. COURTS—*term of court is regarded, in law, as but one day.*
A term of court is regarded, in law, as but one day or a unit of
time, and all acts done within the term are regarded as contem-
poraneous.

2. SAME—*court retains jurisdiction over judgment during the
term.* During the term at which a judgment is rendered the court
retains jurisdiction to modify, vacate or set it aside and may en-
tertain a motion for either purpose, which may be kept alive by
proper continuances until disposed of.

3. SAME—*jurisdiction of the municipal court to vacate or set
aside judgments.* Under the statute the municipal court of Chi-
cago has no terms, but the period of thirty days is substituted as
the time within which the court can modify, alter or vacate a
judgment or entertain a motion for that purpose.

4. SAME—*when decision of motion to set aside judgment ends
jurisdiction of the municipal court.* Where a motion to vacate or
set aside a judgment of the municipal court of Chicago is made
within thirty days after the judgment is entered, the court may,
by proper continuances, retain jurisdiction to act upon the motion
more than thirty days after the entry of judgment, but upon de-
nial of the motion after that time the judgment becomes final and
no further motion to vacate or set it aside can be entertained.

5. SAME—*when orders of municipal court are void.* Where a
motion to set aside a judgment of the municipal court of Chicago
is denied more than thirty days after the judgment was entered,
subsequent orders purporting to set aside the order denying the
motion and to grant leave to defend are void, and the bailiff may
be compelled to proceed to collect the judgment by the execution
in his hands.

6. MANDAMUS—*existence of another remedy is not now a bar
to relief.* Since the passage of the Mandamus act the existence
of another complete remedy is not an absolute bar to relief, but
the Supreme Court, in determining whether it will exercise its ju-
risdiction in a particular case, may consider the existence of such
remedy and treat it as ground for refusing to take jurisdiction.

7. SAME—*mandamus will lie to compel judge to expunge void
orders from record.* *Mandamus* will not lie to compel discretion-
ary judicial action of a judge, but when a judge enters orders

which he has no jurisdiction to enter they are void, and he may be compelled, by *mandamus,* to expunge them from the record, as. he has no discretion in such matter.

8. Practice—*Supreme Court, unless specifically named, is not governed by practice statutes.* Unless specifically named in an act of the General Assembly the Supreme Court is not governed by statutory provisions as to practice.

9. Same—*party submitting case to the Supreme Court on demurrer cannot thereafter answer.* Where the respondents to a petition for *mandamus* in the Supreme Court choose to submit the case to that court on demurrer, they cannot be allowed, if the question of law is decided against them, to raise an issue of fact on the petition by answer.

Original petition for *mandamus.*

Michael D. Dolan, and Abel L. Allen, for petitioner.

L. H. Craig, for respondents.

Mr. Justice Cartwright delivered the opinion of the court:

The relator, James W. Waber, asked leave to file in this court his petition for a writ of *mandamus* against the defendant Hosea W. Wells, a judge of the municipal court of the city of Chicago, commanding him to vacate and expunge from the records of said court two orders entered by him, one on December 18, 1911, setting aside, conditionally, a verdict and judgment in favor of the relator and against the defendant John F. Waters, and the other on December 27, 1911, purporting to open said judgment and permit Waters to defend against the action. The ground alleged for the relief asked was, that the municipal court and the defendant Wells, as a judge, had no jurisdiction to interfere with the judgment, and Waters, being interested, was also named as defendant by virtue of section 7 of the act to revise the law in relation to *mandamus.* The

question involved being one of general interest and public
importance, we regarded the case as one of the class in
which it is proper to exercise our original jurisdiction, to
the end that the power of the municipal court to vacate,
modify or set aside its judgments should be settled and
generally understood, and leave was granted to file the peti-
tion.    Defendants demurred to the petition, and the cause
was submitted for decision on the issue of law formed
thereby.

The facts admitted by the demurrer are as follows:
On September 15, 1911, the relator, James W. Waber, re-
covered a judgment in the municipal court of the city of
Chicago against defendant John F. Waters.    On October
14, 1911, Waters filed his motion to vacate the judgment
and the verdict on which it was founded, and the motion
was set for hearing on October 21, 1911.    After several
continuances the motion was heard on November 18, 1911,
and was denied.    On December 14, 1911, Waters filed an-
other motion to vacate the order entered on November 18,
1911, overruling his motion, and also to vacate the judg-
ment.    On December 15, 1911, an execution was issued
and delivered to the bailiff of the court for the collection
of the judgment, interest and costs.    On December 16,
1911, there was a partial hearing of the motion, and the
relator then filed a written objection to the consideration
of the motion on the ground that the court had no juris-
diction to entertain it.    The motion was continued until
December 18, 1911, when the defendant Wells, sitting as
a judge of the court, entered an order granting the motion
upon condition that Waters should deposit with the clerk,
within five days, the amount of the judgment, interest and
costs.    On December 27, 1911, said judge entered an order
reciting the deposit of the amount of the judgment, inter-
est and costs in compliance with the previous order, and
ordering the judgment opened and giving leave to Waters
to defend.    The judgment was to stand as security and the

cause was set for trial on January 22, 1912. On the entry of this order the clerk of the municipal court directed the bailiff not to execute the writ of execution, and the bailiff refused to comply with the demand of the relator to proceed to the collection of the judgment. On January 9, 1912, the relator filed his written motion asking said judge to expunge from the records of the court the orders of December 18, 1911, and December 27, 1911, for the reason that he was without jurisdiction to make any order affecting the judgment. The demand was refused.

Section 21 of the act establishing the municipal court provides that there shall be no terms, but that every judgment shall be subject to be vacated, set aside or modified in the same manner and to the same extent as a judgment, order or decree of a circuit court, provided the motion to vacate, set aside or modify the same be entered in said court within thirty days after the entry of such judgment. A term of court is regarded, in law, as but one day or a unit of time, and all acts done within the term are regarded as contemporaneous. (11 Cyc. 732.) During the term in which a judgment is rendered the court retains jurisdiction to modify or vacate it or set it aside and may entertain a motion for either purpose, which may be kept alive by proper continuances until disposed of. There are no terms of the municipal court, and the period of thirty days is substituted as the time within which the court can modify, alter or vacate a judgment or entertain a motion for that purpose. The court had jurisdiction on November 18, 1911, to act upon the motion filed on October 14, 1911, because the motion was filed within thirty days of the rendition of the judgment and was kept alive by successive continuances. If the motion had been denied by a court having stated terms the order would have been under the control of the court during the term, but as there are no terms of the municipal court, jurisdiction over the judgment was ended when the motion was denied, and a

rule applicable to a court having terms could not possibly apply. Upon the denial of the motion on November 18, 1911, the judgment became final by the express provision of section 21 that it should not thereafter be subject to be set aside except upon appeal or writ of error, or by a bill in equity, or a petition containing all the essential facts to sustain such a bill. The action of the judge in entering subsequent orders was not only contrary to the express provisions of the statute, but was contrary to the principles upon which justice is administered and the rights and interests of litigants, which require stability and finality in judgments. If the defeated party would have a right to file a second motion to set aside the decision of the first one within thirty days thereafter, there would never be a final determination of the suit and only an endless succession of motions. If there were no statute such a practice ought not to be countenanced. The orders entered by the defendant Wells while sitting as a judge of the municipal court, purporting to set aside the judgment or open it, were unauthorized and void. Being void, the bailiff might have been compelled to proceed to the collection of the judgment by the execution in his hands, but it is proper that the records of the court shall be purged of the void orders, and for that purpose *mandamus* is a proper remedy.

Prior to the act above referred to, which took effect on July 1, 1874, the general rule that *mandamus* would not lie where there was any other adequate remedy prevailed in this State, but section 9 of that act provides that the writ shall not be denied because the petitioner may have another specific legal remedy if such writ will afford a proper and sufficient remedy. The existence of another complete and adequate remedy is not now a bar to relief. (*Brokaw* v. *Commissioners of Highways of Bloomington Township,* 130 Ill. 482.) The existence of another specific legal remedy may be of importance in determining whether we will assume jurisdiction in a particular case. In the exercise of

the discretion vested in this court it might be good ground for refusing to act, but the relator has no other adequate remedy in this case. The last order purporting to set aside the judgment does not amount to a final judgment which could be reviewed and it would be necessary to again try the cause, and if the relator should be defeated on another trial he would then be required to take the case to an appellate tribunal and assign as error the setting aside of the judgment when the court had no jurisdiction to act at all. (*Walker* v. *Oliver,* 63 Ill. 199.) While *mandamus* will not lie to control the judicial action of a judge it will lie to compel an act concerning which he has no discretion. The writ has been awarded to compel a judge of the circuit court to proceed to the trial of a suit on a promissory note without filing a copy of an account; (*People* v. *Pearson,* 1 Scam. 458;) to proceed with the trial of an action on a bill of exchange without filing such an account; (*People* v. *Pearson,* 1 Scam. 473;) to direct a judge to try a defendant for an alleged crime on a change of venue from another county; (*People* v. *Zane,* 105 Ill. 662;) and to compel a county judge who was interested in the estate of a deceased person to transfer a matter in dispute to the circuit court for adjudication. (*Graham* v. *People,* 111 Ill. 253.) The judge, having no authority to enter the orders in question, has no discretion whether they shall remain upon the records or not.

Counsel for defendants says that if his demurrer is overruled he asks leave to answer the petition. This court, unless specifically named in an act of the General Assembly, is not governed by statutory provisions concerning practice, and it is not in accord with our practice to permit parties to submit causes on issues of law and upon a decision against them to form issues of fact. Our object in the exercise of our original jurisdiction is the speedy determination of controversies, and cases are decided upon their merits on issues of law if parties so elect, or upon

issues of fact under a proper application of the law. It is apparent that the matters of record upon which the decision of this case depends cannot be controverted; but whether that is so or not, the defendants will not be allowed to reply matter of fact to the petition after submitting the case on issues of law.

The writ of *mandamus* is awarded as prayed.

*Writ awarded.*