Gage Hotel Company and Albert S. Gage, Defendants in Error, v. Mary Kantoos and Richard M. Kantoos, trading as R. M. Kantoos & Company, Plaintiffs in Error.

### Gen. No. 19,110.

MUNICIPAL COURT OF CHICAGO, § 19*—*when court without jurisdiction to vacate judgment.* Where on August 15th a motion was made in the Municipal Court to vacate a judgment by confession entered on August 7th and overruled, and October 17th following a motion to vacate the overruling order was made and granted and defendant thereupon moved the vacation of the judgment of August 7th, which motion, after a number of continuances, was over-

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

ruled on November 16th, it was *held* that the last order was proper, since the motion not having been made within thirty days as provided in the Municipal Court Act, sec. 21, J. & A. ¶ 3333, and no petition setting forth the grounds for such vacation having been filed, as provided in said section, the court lacked jurisdiction to enter an order of vacation.

Error to the Municipal Court of Chicago; the Hon. Harry Olson, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed March 10, 1914.

Pines & Newmann, for plaintiffs in error.

Sabath, Levinson & Stafford, for defendants in error.

Mr. Justice Clark delivered the opinion of the court.

Judgment was entered on a lease in favor of the defendants in error and against plaintiffs in error, on August 7, 1912, upon the power of attorney to confess judgment contained therein. On August 15, 1912, a motion was made by the defendants (plaintiffs in error) that the judgment be vacated. This motion was overruled. On October 17th, following, a motion was made to vacate the order last mentioned, and allowed. On the same day a motion was made by the defendant to vacate and set aside the judgment by confession entered August 7, 1912. After numerous continuances the motion was on November 16, 1912, overruled.

We think the court properly overruled the motion, but found our decision upon different grounds than those upon which the trial court seems to have based its judgment. Section 21 of the Municipal Court Act (J. & A. ¶ 3333) provides: "Every judgment, order or decree of said court final in its nature shall be subject to be vacated * * * provided a motion to vacate, set aside or modify the same be entered in said Municipal Court within thirty days after the entry of such judgment, order or decree." It is to be noted that a motion was made August 15, 1912, which was

within the time provided by the statute, but was overruled. Section 21 also provides that "If no motion to vacate, set aside or modify any such judgment, order or decree shall be entered within thirty days after the entry of such judgment, order or decree, the same shall not be vacated, set aside or modified excepting upon appeal or writ of error, or by a bill in equity, or by a petition to said Municipal Court setting forth grounds for vacating, setting aside or modifying the same, which would be sufficient to cause the same to be vacated, set aside, or modified by bill in equity: Provided, however, that all errors in fact in the proceedings in such case, which might have been corrected at common law by the writ of error *coram nobis* may be corrected by motion, or the judgment may be set aside, in the manner provided by law for similar cases in the Circuit Courts."

In the present case no "petition to said Municipal Court setting forth grounds for vacating, setting aside or modifying" the judgment was filed. The order entered November 16, 1912, overruling the motion of the defendants to vacate the judgment entered on August 7, 1912, was properly made, as the court lacked jurisdiction to enter the order prayed for.

The judgment is affirmed.

*Affirmed.*