Kate M. West, Appellee, v. J. A. McNaughton, Appellant.

Gen. No. 23,905.

1. DAMAGES, § 68*—*when failure of landlord to obtain another tenant may not be complained of.* A tenant, who, after vacating the premises prior to the expiration of the term, retained constructive possession by keeping the keys, cannot object to the lessor's failure to minimize the damages by obtaining another tenant, in an action for rent.

2. LANDLORD AND TENANT, § 327*—*when attorney's fees may be included in judgment for rent.* Where a judgment by confession for rent is merely opened and not vacated and the final order confirmed the judgment by confession, attorney's fees may be included as part of the judgment.

Appeal from the Municipal Court of Chicago; the Hon. CHARLES N. GOODNOW, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Affirmed. Opinion filed May 14, 1918.

GREGORY, BURGES & McNAB, for appellant.

T. F. MONAHAN, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

On January 27, 1917, a judgment herein was confessed upon a lease for rent due. On consideration of certain affidavits filed in court it was opened, and defendant was allowed to plead and have a jury trial, said judgment to stand as security. A trial was had, the main issues of fact being, whether or not the defendant had abandoned the premises and the lessor had attempted to minimize the damages. It appeared from the testimony, however, that the defendant had retained constructive possession of the premises by keeping the keys thereto, whereupon the court directed a verdict for plaintiff and entered an order thereon

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

confirming the judgment by confession, which was for the amount of rent due according to the terms of the lease and $25 attorney's fees.

Appellant's contention as to mitigation of damages is based upon the theory that the premises were abandoned, which is contrary to the facts. Under such circumstances there was no room for the contention that the lessor should have secured another tenant so as to mitigate the damages.

It is also urged that it was error to include attorney's fees as part of the judgment, and we are referred to the case of *George J. Cooke Co. v. Johnson,* 179 Ill. App. 83. We infer from that opinion that the judgment by confession was vacated, in which case, as there stated, the new judgment operates to nullify the power of attorney to confess judgment, and his act thereunder. (*Morrison Hotel & Restaurant Co. v. Kirsner,* 245 Ill. 431.) But in the case at bar the judgment was merely opened and the final order confirmed the judgment by confession, thus giving effect to the power of attorney. We do not, therefore, think there was error in including the attorney's fees in the judgment. It will be affirmed.

*Affirmed.*