(No. 15332.—Writ denied.)

THE PEOPLE *ex rel.* Briggs & Turivas, Petitioner, *vs.*
WELLS M. COOK, Judge, *et al.* Respondents.

*Opinion filed February 19, 1924—Rehearing denied April 2, 1924.*

MANDAMUS—*mandamus will not lie to control judicial discretion.* The writ of *mandamus* does not lie to control the judicial discretion of a judge, and where it appears from the answer of the respondent to a petition for *mandamus* against a judge of the municipal court that the order which the petitioner desires to have expunged from the record was entered after a hearing in accordance with a mandate of the Appellate Court, the writ of *mandamus* will be denied regardless of whether or not the order entered was correct.

ORIGINAL petition for *mandamus.*

BENJAMIN B. MORRIS, for petitioner.

CHARLES R. YOUNG, and ARTHUR A. BASSE, for respondents.

Mr. JUSTICE STONE delivered the opinion of the court:

On March 1, 1923, the petitioner, by Benjamin B. Morris, its attorney, filed in this court a petition for leave to file its original petition for a writ of *mandamus* against the respondents, Wells M. Cook, judge of the municipal court, and the Fort Wayne Rolling Mill Company, a corporation. On leave being granted, Morris, for his client, Briggs & Turivas, a corporation, on April 4, 1923, filed its petition and therein purported to set up certain proceedings had and taken in connection with a certain lawsuit in the municipal court of Chicago. By this petition it was claimed that the petitioner was entitled to the writ of *mandamus* to compel the respondent judge to expunge from the records of the municipal court an order entered on February 13, 1923, vacating and setting aside a default and judgment and

quashing the return of summons against the respondent the Fort Wayne Rolling Mill Company, entered in that court on October 19, 1920.

The petition for *mandamus* sets out that on the 19th day of October, 1920, the petitioner recovered a judgment by default against the respondent rolling mill company in the sum of $604.32; that on the 10th day of February, 1921, the rolling mill company filed a special appearance, motion and petition, with affidavits, to set aside the judgment entered against it. On April 11, 1921, petitioner filed its answer to the motion of the rolling mill company. On April 13 the motion was by the court denied. On April 26 the rolling mill company again filed a special appearance and an amended petition and affidavits, with a motion to vacate the order of April 13, and also to quash the service of summons, set aside the judgment and dismiss the suit. This motion was denied. The next proceeding set out in the petition is to the effect that on January 15 following, the respondent Wells M. Cook, as judge of the municipal court, entered an order setting for hearing the matter of vacating the order theretofore entered on April 26; that on that day the petitioner filed an answer objecting to the hearing, and that on February 13 the order herein referred to as complained of was entered and the order of April 13, 1921, was set aside, the return of summons was quashed and the default and judgment were vacated and set aside.

The respondents upon filing the petition herein were ruled to answer, and respondent Cook filed on April 14, 1923, his answer, in which it appears for the first time that the respondent rolling mill company, upon the denial of its motion of April 26 to set aside the order of April 13 and the default and judgment, appealed from the order of the municipal court denying said motion and petition to the Appellate Court for the First District; that on October 10, 1921, the petitioner here, appellee in the Appellate Court, filed a motion to strike certain portions of the bill of ex-

ceptions filed in that court and to dismiss the appeal. This motion was denied by the Appellate Court. An examination of the briefs filed there shows that the only questions presented on appeal to the Appellate Court were the sufficiency of the service of summons returned in the municipal court in the main case and the error of the municipal court in denying the petition of April 26 without a hearing on the issues of fact set up therein and in refusing to set aside its order of April 13. The Appellate Court reversed the order of the municipal court denying the motion and petition to vacate the judgment against the rolling mill company, holding that under the Municipal Court act, where common law forms of pleadings have been abolished, the return of service of summons may be questioned by motion supported by petition and affidavits, and that the proceeding adopted by the rolling mill company was correct; that the petition and motion filed on April 26 raised a question of fact whether the service of summons was sufficient; that an issue, therefore, should have been made up by the municipal court on that matter, and the order of the municipal court denying the motion and petition of the rolling mill company was reversed and the cause was remanded. That decision was rendered by the Appellate Court on January 3, 1923. It also appears for the first time in the answer of respondent Cook that on January 15 the mandate of the Appellate Court was on motion of Briggs & Turivas, plaintiffs in the main case, by Benjamin B. Morris, their attorney, filed in the municipal court, and leave was given on its motion to file an answer to the petition of the rolling mill company of April 26. This answer was filed and the cause was continued to February 13, 1923, on which day the order here complained of was entered.

It is evident from the answer of respondents, which is not denied, that the petitioner here has no right whatever to *mandamus*. No attempt was made to have the judgment

and order of the Appellate Court reviewed. The petitioner here asked and obtained leave to join issue on the petition of the rolling mill company of April 26, when the mandate of the Appellate Court was filed in the municipal court. Petitioner now says that the judgment of the Appellate Court is not material to this case for the reason that the order of April 13, 1921, denied the motion of the rolling mill company to vacate the default and judgment on the ground that more than thirty days had elapsed since the entry of such judgment, and that the defendant in that suit, under section 21 of the Municipal Court act, was not entitled to have another hearing thereon. This question was raised, or could have been raised, on the motion to dismiss the appeal in the Appellate Court filed by this petitioner, who was appellee there. That motion to dismiss was denied by that court and no review of the order of denial appears to have been sought. Regardless of whether the order and judgment of the Appellate Court were right or wrong, when its mandate was filed in the municipal court it became the duty of respondent Cook to hear the petition of the rolling mill company of April 26, as he did. Whether he decided it rightly or otherwise will not be inquired into here. A writ of *mandamus* does not lie to control the judicial discretion of a judge. (*People* v. *Wells*, 255 Ill. 450; *People* v. *Gibbons*, 161 id. 510; *Green* v. *City of Springfield*, 130 id. 515; *Mix* v. *People*, 122 id. 641; *Hollowbush* v. *McConnel*, 12 id. 203.) Had this petition recited all of the facts it would not have been filed.

Counsel for the petitioner says that he thought when he filed this petition, and now thinks, that the proceedings in the Appellate Court had, and have, nothing to do with this petition for *mandamus*, and so he did not include them in his recital of facts. The fact is, however, that the proceedings of the Appellate Court are not only of the utmost materiality here, but show with the clarity of broad daylight that respondent Cook could do nothing other than hear the

petition of April 26 as he did. The notion that this is not true has not even the shadow of a basis.

The writ will be denied.

*Writ denied.*

---

(No. 15603.—Reversed and remanded.)
MAX CHECHIK, Appellee, *vs.* SARAH KOLETSKY, Appellant.

*Opinion filed February 19, 1924—Rehearing denied April 2, 1924.*