**Edward Greenstone Furniture Company, Plaintiff in Error, v. Ray Oliver, Defendant in Error.**

### Gen. No. 28,344.

1. MUNICIPAL COURTS—*time when judgment is final against motion to vacate.* A judgment of the municipal court of Chicago which had stood of record for nearly three months, during which time only a motion to vacate was pending, became invulnerable, under section 21 of the Municipal Court Act (Cahill's Ill. St. ch. 37, ¶ 409), when such motion was heard and disposed of, and thereafter the court was without jurisdiction to entertain and allow another motion to vacate the judgment.

2. MUNICIPAL COURTS—*whence time to vacate judgment is computed.* Section 21 of the Municipal Court Act (Cahill's Ill. St. ch. 37, ¶ 409) allowing 30 days after entry of a judgment for a motion to vacate, set aside, or modify it, does not necessarily mean 30 days after overruling a motion to vacate.

THOMSON, J., dissenting.

Error by plaintiff to the Municipal Court of Chicago; the Hon. JOEL C. FITCH, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1923. Reversed and remanded with directions. Opinion filed June 11, 1924.

G. A. BURESH and D. A. TASIOPOULOS, for plaintiff in error.

JOHN W. WALSH, for defendant in error.

MR. PRESIDING JUSTICE TAYLOR delivered the opinion of the court.

This is a writ of error to the municipal court of Chicago, challenging the jurisdiction of that court in

entering an order vacating and setting aside a previous order confirming a judgment by confession, and denying a motion to expunge from the record the order of court so entered.

On August 18, 1922, a judgment by confession on a promissory note was entered in the sum of $139.00 and costs against the defendant, Ray Oliver.

On August 28, 1922, pursuant to an affidavit setting up the judgment and that an execution had been issued and returned, "No property found," a garnishee summons was issued against the Chicago Surface Lines. On September 8, 1922, the garnishee answered, and on September 23, 1922, the court entered judgment against the garnishee for the sum of $38.73 in favor of the defendant for the use of the plaintiff.

On September 27, 1922, the defendant, Oliver, moved the court to set aside and vacate the judgment against him, Oliver, and for leave to defend. An affidavit was filed in support of the motion. The affidavit set up that the note, upon which judgment was entered was given in partial payment for some furniture purchased; that the defendant had agreed to pay $324.50, and had paid in cash $106.65, leaving a balance of $217.85; that he paid part of the balance, leaving due on December 19, 1921, the sum for which judgment was confessed; that at the time the furniture was purchased, it was represented to be new; that shortly after he made the last payment, he discovered that it was used and not new; that he informed the plaintiff that he would make no further payments and demanded that the plaintiff take the furniture back; that the plaintiff afterwards removed the furniture and took it away; that no execution had been served upon him, the defendant, and that the first knowledge he had of the entry of the judgment was when his wages were garnisheed.

On the same day, September 27, 1922, the court, pursuant to the defendant's motion, ordered that said

judgment be opened; that leave be given the defendant to appear and make a defense; that a trial of said cause be had, notwithstanding said judgment; that said judgment stand as security; that execution be stayed until the further order of the court, and that the affidavit stand as an affidavit of merits; and that the cause be set for trial on November 16, 1922.

On that date, the record recites the following: "Now comes the plaintiff in this cause, the defendant being absent and not represented, and thereupon this cause comes on in regular course for trial before the court without a jury and the court having heard the evidence and the arguments of counsel, and being fully advised in the premises, enters the following finding, to-wit: The court finds that at the date of rendition of the judgment by confession in this cause, August 18th, 1922, there was due from the defendant, Ray Oliver, to the plaintiff, the sum of $139.

"This cause coming on for further proceedings herein, it is considered by the court that final judgment be entered on the finding herein and that the judgment rendered herein against the defendant by confession stand confirmed in full force and effect as the judgment of this court as of the date of rendition thereof and that execution issue herein for the amount of said judgment and the plaintiff's costs in this as well as in that behalf expended."

On December 1, 1922, counsel for the defendant moved the court to set aside and vacate the judgment entered on November 16, 1922, and in support of that motion filed an affidavit in which he set up that owing to his anxiety arising from the illness of his wife, who was confined in a hospital as the result of an accident on October 26, 1922, he overlooked the fact that the case was set for trial until it was too late to appear in court; and that he believed the defendant had a good defense to plaintiff's claim. On the same day, December 1, 1922, it was ordered by the court that the

finding and judgment of November 16, 1922, be vacated and set aside, and that the cause be set for trial on January 10, 1923. On January 10, 1923, the court continued the cause to February 8, 1923. On February 8, 1923, the plaintiff objected to the jurisdiction of the court to hear or proceed in the cause, but the court continued it to February 14, 1923. On February 14, 1923, the plaintiff moved to expunge from the record the order of December 1, 1922, on the ground that the court was without jurisdiction. That motion was overruled, and the plaintiff excepted thereto.

Thus it will be seen there was, (1) a judgment by confession on August 18, 1922, for $139.00 and costs; (2) an execution issued and returned no property found; (3) on September 23, 1922, a judgment entered against the garnishee for $38.73, for the use of the plaintiff; (4) on September 27, 1922, an order giving the defendant leave to appear and defend, the judgment to stand as security, and execution to be stayed, and case set for trial on November 16, 1922; (5) on November 16, 1922, a trial, defendant not appearing, evidence heard, and judgment for $121.00 and $18.00 attorney's fees; (6) on December 1, 1922, a motion to vacate judgment of November 16, 1922, which was then allowed and cause set for trial on January 10, 1923; (7) on January 20, 1923, case continued to February 8, 1923, and on February 8, 1923, case continued to February 14, 1923; and (8) on February 14, 1923, motion to expunge order of December 1, 1922, denied.

Inasmuch as the judgment of August 18, 1922, was of record on November 16, 1922, and on the latter date there was a trial and the defense of the defendant upon his motion to vacate was not made out, and the court ordered the original judgment and, also, the judgment against the garnishee to stand, in full force and effect as of their respective dates, it follows, under section 21, of the Municipal Court Act [Cahill's

Ill. St. ch. 37, ¶ 409], which allows only 30 days after entry of judgment for a motion to vacate, set aside, or modify, that on December 1, 1922, the court was without jurisdiction then to entertain another motion to vacate. On November 16, 1922, the original judgment had stood of record for nearly three months, and all that had been pending in that time was a motion to vacate, and when the latter was heard and disposed of, the original judgment became invulnerable, and so when another motion, on December 1, 1922, was made and allowed, the court erred as it did not have jurisdiction.

In *The People v. Wells*, 255 Ill. 450, which was similar to the instant case, save that it arose upon a petition for a writ of mandamus, the court said:

"Upon the denial of the motion on November 18, 1911, the judgment became final by the express provision of section 21 that it should not thereafter be subject to be set aside except upon appeal or writ of error, or by a bill in equity, or a petition containing all the essential facts to sustain such a bill. The action of the judge in entering subsequent orders was not only contrary to the express provisions of the statute, but was contrary to the principles upon which justice is administered and the rights and interests of litigants, which require stability and finality in judgments. If the defeated party would have a right to file a second motion to set aside the decision of the first one within thirty days thereafter, there would never be a final determination of the suit and only an endless succession of motions. If there were no statute such a practice ought not to be countenanced. The orders entered by the defendant Wells while sitting as a judge of the municipal court, purporting to set aside the judgment or open it, were unauthorized and void."

The Statute, section 21 [Cahill's Ill. St. ch. 37, ¶ 409], allows thirty days after the entry of a judgment, but that does not, necessarily, mean thirty days after overruling a motion to vacate. If it meant the latter, such

successive motions might be made that would render final judgment impossible. *Hier v. Kaufman,* 134 Ill. 215; *Gage Hotel Co. v. Kantoos,* 185 Ill. App. 393; *Orient Mfg. Co. v. Channell,* 209 Ill. App. 438; *The People v. Wells, supra.*

As the order of December 1, 1922, was void, the cause will be remanded with directions to expunge said order from the records of the court, so as to leave the judgment of August 18, 1922, in full force and effect.

*Reversed and remanded with directions.*

O'CONNOR, J. concurs:

THOMSON, J. dissenting: I do not concur in the foregoing decision. The original motion to vacate the judgment of August 18, 1922, was made more than thirty days thereafter, namely, on September 27, 1922. The court properly entertained the motion, though more than thirty days had intervened since the entry of the judgment, as it was a judgment by confession. When the court, on September 27, 1922, opened up the judgment and gave the defendant leave to defend, the cause of action (although the judgment was not formally vacated but was ordered to stand as security) was in the same state as if commenced in the ordinary way, and as if the defendant had been brought in by summons. *George J. Cooke Co. v. Johnson,* 179 Ill. App. 83. When, on November 16, 1922, the court having heard the plaintiff's proof in the absence of the defendant, who failed to appear, ordered that "final judgment be entered on the finding herein and that the judgment rendered herein against the defendant by confession stand confirmed in full force and effect as the judgment of this court as of the date of rendition thereof," I am of the opinion that it should be considered that the court was then entering final judgment in the case (considering it as an ordinary law suit and not a confession case) and that under Section 21 of the Municipal Court Act, the defendant might properly submit a motion to vacate the judg-

ment, within thirty days thereafter, if he could make a proper showing in support of such a motion. The argument that if this were permitted, there would be no end to the proceedings and no finality to the judgment is, in my opinion, not sound. If a motion to vacate is submitted within thirty days, as was done in the case at bar, then a denial of that motion would end the matter forever, so far as the trial court is concerned. From the foregoing, it would follow that neither the order of December 1, vacating the judgment, nor the order of February 14, denying the motion to vacate the order of December 1, were appealable orders.