Jennie Feldman et al., Executors and Trustees under the Will of Morris Feldman, Deceased, et al., Appellants, v. Effie Glenn, Appellee.

Gen. No. 34,168.

Heard in the second division of this court for the first district at the February term, 1930. Opinion filed June 30, 1930.

ABRAHAM FELDMAN, for appellants.

No appearance for appellee.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

On June 10, 1929, plaintiffs caused a judgment by confession for $100 (including $20 attorney's fees) to be entered against defendant in the municipal court on a so-called "contract" or judgment note for $80, payable to plaintiffs in instalments of $5. The note bears the genuine signature of defendant and the purported date thereof is January 5, 1929. Plaintiffs claimed that none of the instalments had been paid. On June 15, on defendant's motion, the court ordered that the judgment be opened and that he be given leave to defend. Subsequently, within apt time, he filed an affidavit of merits (hereinafter mentioned). On October 10 the cause was called for trial and, defendant not appearing, the court adjudged that the judgment,

as confessed against him on June 10, stand confirmed. Within 30 days, on October 22, defendant appeared and moved that the confirmatory judgment of October 10 be vacated, and the cause was set for hearing on the merits, which was had before the court without a jury on October 30 and subsequent days. Finally, on November 22, 1929, after evidence had been introduced by both parties, the court found the issues against plaintiffs and adjudged that the confessed judgment of June 10 be set aside, that plaintiff take nothing by their suit and that defendant recover his costs, etc. From this judgment plaintiffs have appealed. Defendant has not filed any brief in this court.

In defendant's affidavit of merits he alleged in substance that when the judgment of June 10 was confessed he was not indebted to plaintiffs in any sum or upon any unpaid note; that he never delivered any note to plaintiffs bearing date January 5, 1929; that on or about February 28, 1928, he did deliver to plaintiffs his note for $80, payable in instalments, which note was fully paid before December 18, 1928, but plaintiffs did not return the same to him; that the note sued upon is said former note with a new date of "Jan. 5, 1929" written therein above his signature; that he made no purchases of merchandise from plaintiffs for which he has not paid; and that the note sued upon is not his note.

On the trial defendant and several witnesses for him testified, and their testimony tended strongly to support his said defense. No useful purpose will be served in outlining this testimony, nor the counter testimony of one of the plaintiffs and one of their employees. Suffice it to say that, after carefully considering all of the evidence we think that the finding and judgment of the court were fully warranted.

Plaintiffs' counsel contends that, inasmuch as the court on October 10, 1929, and because of defendant's

failure to appear, ordered that the judgment (as confessed on June 10) stand confirmed, the court was without jurisdiction, even within 30 days after October 10, to order a hearing upon the merits, and that the judgment appealed from is void and should be reversed,—leaving the judgment as confessed standing in full force. We cannot agree with the contention. Counsel relies upon the decision in the case of *People v. Wells*, 255 Ill. 450, 454, as supporting his contention. As we read that decision it is not here applicable.

Accordingly, the judgment of the municipal court of November 22, 1929, is affirmed.

*Affirmed.*

SCANLAN, P. J., and BARNES, J., concur.