**Emcee Corporation, Appellant, v. H. Kay George, Appellee.**

**Gen. No. 39,567.**

Opin-
ion filed November 8, 1937.   Rehearing denied January 26, 1938.

LEONARD & LEONARD, of Chicago, for appellant; DON H. McLUCAS, of Chicago, of counsel.

H. Kay George, *pro se.*

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

August 4, 1936, plaintiff brought an action of replevin against defendant to recover certain specified personal property.   Defendant was served but the property was not taken on the writ.   The writ was returnable August 17.   On that day an order was entered postponing the case until the next day, and at that time an order appears in the record reciting that the cause came on in regular course for trial, and plaintiff failing to appear suit was dismissed for want

of prosecution. Four days later, September 22, an order was entered reciting that plaintiff's motion to set aside the order of dismissal of September 18 was sustained, and it was further ordered that plaintiff be given leave to file an amended statement of claim instanter, and this was done. One count was in replevin, the same as in the original statement of claim, and the second in trover.

Six days thereafter, September 28, the same amended statement of claim and order of court, together with an affidavit, appear in the record. In the affidavit an attorney swears that on September 25 he served defendant with the order of court of September 22 and with the amended statement of claim by delivering a copy of them to him. The document, however, which purports to be a copy of the order entered September 22, is not a true copy. It shows only that part of the order which granted plaintiff leave to file an amended statement of claim, but omits the part which vacated and set aside the order of dismissal of the suit entered September 18.

The next that appears from the record is that on October 29th an order was entered reciting the coming on of the cause, and "it is considered by the Court that the plaintiff have judgment on the finding," and that it recover $565.92 from defendant and that an execution therefor issue "in trover." November 16th there appears in the record a notice and petition that defendant will appear before the court and move that the order of September 22 and the judgment of October 29 be vacated and set aside. A copy of the petition is in the record and there is an affidavit that the notice and petition were served by mailing them to attorneys for plaintiff on November 13. The petition is verified by defendant and purports to set up proceedings theretofore had in the cause, including the order of September 22 and the judgment of October 29, and it is averred

that the order and judgment were entered without notice to defendant. Defendant makes no mention of any meritorious defense that he may have had. On the same day, November 16, an order was entered, on defendant's motion, setting aside the order of September 22 and the judgment of October 29. November 25, nine days thereafter, there appears in the record a verified petition filed by plaintiff reciting the various steps taken in the cause, most of which have heretofore been referred to. And further, that plaintiff had caused notice to be served on defendant of the filing of the amended statement of claim, as required by the rule of the municipal court; that plaintiff did not receive notice that defendant would appear before the court on November 16 and move for the vacation of the order and judgment as above stated, until the 17th of November, because the letter was misdirected. The petition further set up, ''That the defendant has at no time entered his appearance in the above entitled action.'' And the prayer was that the order of November 16 be vacated and set aside. On the same day, November 25, an order was entered on motion of plaintiff, vacating the order of November 16. Two days thereafter there appears in the record a notice and petition on behalf of defendant that he will move to vacate the order of November 25, and that the order of September 22 and judgment of October 29 be again vacated and set aside. On that day an order was entered postponing the matter to December 1, and on December 1 an order was entered reciting that the cause came on for hearing upon defendant's motion, and that the motion was overruled and denied.

The case then rested for 17 days, when defendant again served another notice on attorneys for plaintiff and filed a petition in which he prayed that the judgment and all orders entered in the cause be vacated and set aside and that plaintiff's suit be dismissed. The

petition, which is sworn to by defendant, sets up the entry of the judgment and that afterward, on December 9, "after diligent investigation and inquiry, he did discover that the plaintiff . . . is a foreign corporation doing business in this State and that the alleged business transaction out of which this suit is alleged to have arisen has taken place in the State of Illinois"; that plaintiff, a California corporation was not authorized by the Secretary of State of Illinois to engage in business in this State. No suggestion is made that defendant has a meritorious defense. Afterward, on January 5, 1937, the court entered an order sustaining defendant's motion to vacate the judgment of October 29, and "It is further ordered by the Court that leave be and the same is hereby given defendant to file appearance instanter, and cause to be tried on merits." Just why it was necessary for defendant to file an appearance we are unable to understand. He had been in court on numerous occasions, filing notices, motions and petitions, and obviously the first of these was the entry of appearance and no further order in this regard was necessary or proper. It is from the order of January 5 that plaintiff appeals.

The record discloses that after the various orders were entered, the court on December 1st heard defendant's motion to vacate the order of September 22, the judgment of October 29 and the order of November 25, and after such hearing the motion was denied. This was a final, appealable order, and we think the court ought not to have entertained the further motions of defendant to vacate the judgment and other orders. *Greenstone Furniture Co. v. Oliver,* 233 Ill. App. 184; *People v. Wells,* 255 Ill. 450. But in any event, even if we should be of opinion that defendant might thereafter file a petition to vacate the judgment and orders under the provisions of section 21 of the Municipal Court Act by "setting forth grounds for vacating,

setting aside or modifying the same, which would be sufficient to cause the same to be vacated, set aside or modified by a bill in equity," in the instant case, the court was wholly unwarranted in disturbing the judgment and other orders on January 5, 1937, because the petition in support of the motion filed by defendant set up no defense. Sec. 125 of the Business Corporation Act of 1933, ch. 32, p. 819, Ill. Rev. Stat. 1937; Jones Ill. Stats. Ann. 32.128, provides that "No foreign corporation transacting business in this State without a certificate of authority shall be permitted to maintain an action at law . . . in any court of this State until such corporation shall have obtained a certificate of authority. . . .

"The failure of a foreign corporation to obtain a certificate of authority to transact business in this State shall not impair the validity of any contract or act of such corporation." Under this section, if we assume that plaintiff, a foreign corporation, was transacting business within this State without having obtained a certificate of authority from this State, contrary to the provisions of the statute, we think the suit ought not to be dismissed because if it should thereafter obtain such certificate it could then proceed with the suit. Moreover, the allegations of the petition are wholly insufficient to show that plaintiff was transacting business in this State. The statute does not apply to isolated transactions. *Alpena Cement Co. v. Jenkins & Reynolds Co.,* 244 Ill. 354. Our statute regulating foreign corporations transacting business in this State has no application to interstate commerce. *London Guaranty & Accident Co., Ltd. v. Watte,* 234 Ill. App. 497; *Lehigh Portland Cement Co. v. McLean,* 245 Ill. 326. Furthermore, the judgment ought not to be set aside under the facts disclosed by the record in the instant case unless defendant had a meritorious de-

fense, and no attempt was made by defendant in his petition to set up any such defense.

The order of January 5, 1937, of the municipal court, vacating the judgment of October 29, 1936, is reversed.

*Order reversed.*

McSurely and Matchett, JJ., concur.