## HUNTER PACKING CO. v. TRINITY UNIVERSAL INS. CO.

### Civ. 1535.

United States District Court
E. D. Illinois.

July 16, 1948.

See also, 76 F.Supp. 173.

———

Pope & Driemeyer, St. Louis, Ill. (Henry Driemeyer, Robert Broderick and Frank Rain, all of East St. Louis, Ill., of counsel), for the plaintiff.

Kramer, Campbell, Costello & Weichert, East St. Louis, Ill. (Norman J. Gundlach, East St. Louis, Ill., of counsel), for defendant.

WHAM, Chief Judge.

Plaintiff has filed a motion to strike all of defendant's Amended Sixth Defense on the ground that said defense is immaterial, impertinent, and does not state facts sufficient to constitute a defense to plaintiff's complaint, as amended. Defendant's amended sixth defense, in substance alleges that at the time of making the contract on which the present suit is based plaintiff was an unlicensed foreign corporation doing business in Missouri and that the Missouri courts have held that a contract made by a foreign corporation which has failed to qualify to do business in Missouri is void and subsequent licensing of the corporation prior to suit does not cure the defect.

All decisions of Missouri courts have been under R.S.Mo., 1939, Sec. 5077. In 1943 the Missouri corporation law was amended and R.S.Mo., 1939, Sec. 5077 was enacted into R.S.Mo. Sec. 4997.109, R.S. 1949, § 351.635, and changed by the addition of certain words here pertinent. There have been no decisions of the Missouri courts under this section of the new Missouri Business and Corporation Law.

The old statute, R.S.Mo.1939, Sec. 5077, in so far as here material, provided as follows: "Every corporation for pecuniary profit, formed in any other state * * * now doing business in or which may hereafter do business in this state, which shall neglect or fail to comply with the conditions of this law, shall be subject to a fine of not less than one thousand dollars * * * in addition to which penalty * * * no foreign corporation * * * which shall fail to comply with said sections (as to qualification) can maintain any suit or action, either legal or equitable, in any of the courts of this state, upon any demand, whether arising out of the contract or tort."

The new statute, R.S.Mo. Sec. 4997.109, is substantially the same as the above, except that, to the last sentence above has been added the following important phrase: "while the requirements of this Act have not been complied with."

Under the old statute the courts of Missouri had held that a contract entered into by an unlicensed foreign corporation was void and subsequent compliance with

the statute did not cure the defect. Tri-State Amusement Co. v. Forest Park Highlands Amusement Co., 1905, 192 Mo. 404, 405, 90 S.W. 1020, 4 L.R.A.,N.S., 688; Seneca Textile Corp. v. Missouri Flower & F. Co., Mo.App., 1938, 119 S.W.2d 991.

The question now arises whether, by the addition of the phrase above mentioned to the new statute, the Missouri law has been changed so that a contract entered into by an unlicensed foreign corporation is no longer void, but merely unenforceable as long as the corporation remains unlicensed, so that, by subsequent licensing, the contract may be enforced in the courts. Counsel for plaintiff contends that such is the effect of the new statute. Counsel for defendant argues that no such change has been made in Missouri law.

That said amendment has not been considered by commentators or by members of the Missouri Bar who have written on the subject to have the effect contended for by the plaintiff appears from the following:

Prentice-Hall Corporation Service (looseleaf) at page 7017, Section 7002, under date of February 10, 1948, under the heading "Foreign Corporations Doing Business Without Qualifications" sets forth that in Missouri contracts of said corporations are void and subsequent compliance with the statute is insufficient to validate.

In the Missouri Statutes Annotated, under the new Missouri Business and Corporation Law, appear explanatory notes prepared from material made available through the courtesy of C. E. Cowherd of the Kansas City Bar (Chairman of the Committee for Revision of the Missouri Corporate Code of the Lawyers Association of Kansas City, Missouri). The only note appearing under the section here considered, R.S.Mo. 4997.109, is the following: "The main points of this section are similar to R.S.[Mo.]1939, § 5077. This section is also a reenactment, in a more effective form of R.S.1939, § 5344, which made it the duty of the attorney-general to enforce sections 5341 to 5343."

An article under the authorship of George E. Ashley, appearing in the Missouri Law Review shortly after the enactment of the new Missouri Business and Corporation law and discussing various changes made by said law fails to make any reference to any change such as the plaintiff contends was worked by said amendment. (See Missouri Law Review, Volume 12, page 348.)

An article appearing in the Missouri Bar Journal, (Volume 14, No. 9, page 300, November, 1943), entitled "The New General and Business Corporation Act", being a report to the Missouri Bar Association by Henry J. Kaltenbach, Jr., Chairman of the Committee on Corporations of the Missouri Bar Association and Carson E. Cowherd, Chairman of the Committee for Revision of the Missouri Corporate Code of the Lawyers Association of Kansas City, Missouri, makes no reference to any such change.

Significant of the attitude of the Missouri Bar toward this section, as amended, is the following excerpt from the Missouri Bar Journal (official publication of the Missouri Bar) Volume 2, No. 8, page 134, October, 1946:

"Proceedings—Second Annual Meeting of the Missouri Bar—Kansas City, Missouri —September 27 and 28, 1946

"Report of Mr. Robert B. Fizzell of Kansas City, Committee Chairman

"Mr. President, fellow members of the Missouri Bar, as all of you know, the Missouri Bar, through its special committee on private corporations, sponsored the bill, which has been duly passed and approved, to amend the 1943 Missouri Corporation Code. I understand it becomes effective October 6, 1946. I have been asked to state briefly its provisions. Twelve sections of the Code have been amended; I will take them up chronologically:

"*    *    *    *    *    *

"That concludes the amendments that have been made by the new statute.

"The committee received a number of suggestions for additional amendments, and it may be worth while to mention here a few possible changes that may be desirable. The committee did not act on any of

these proposed amendments; they are listed here without recommendation.

"1. * * *

"* * * * * *

"8. Incorporate a provision permitting a foreign corporation not authorized to do business in Missouri to pay all back taxes and fees and thereby validate contracts made by the corporation when it was not qualified."

The new Missouri Corporation Act is said to have been based on the Illinois Business and Corporation Act. (See: Missouri Law Review, Volume 12, pages 349–350, footnote 13.) A comparison of the two laws, before and after their change, is enlightening. The old Missouri law and decisions of the Missouri courts thereon are set forth above; also the new Missouri law and the fact that no Missouri decisions have been rendered under the new law.

The Illinois Business Corporation Act was passed in 1933. Prior to that time, the Illinois statute provided as follows, Ill.Rev.Stat., Cahill, 1931, Chap. 32, Sec. 94: "No foreign corporation doing business in this State without a license shall be permitted to maintain any suit at law or in equity in any of the courts of this State upon any demand, whether arising out of contract or tort; and all such corporations shall be liable by reason thereof to a penalty therefor of not less than two hundred and fifty dollars nor more than one thousand dollars, to be recovered in any court of competent jurisdiction, in a civil action to be begun and prosecuted by the Attorney General." Under the above statute, the courts of Illinois held that a contract entered into by an unlicensed foreign corporation doing business in Illinois was void as to such corporation and that subsequent compliance with the law by it did not validate the contract. Automotive Material Co. v. American Standard Metal Products Corp., 232 Ill.App. 532, reversed 327 Ill. 367, 158 N.E. 698, on ground that corporation was not "doing business" within meaning of statute; United Lead Company v. J. W. Reedy Elevator Mfg. Co., 222 Ill. 199, 78 N.E. 567.

In 1933 the above section was amended by the Illinois Business Corporation Act to read as follows: Ill.Rev.Stat.1947, Chap. 32, Sec. 157.125.

"No foreign corporation transacting business in this State without a certificate of authority shall be permitted to maintain an action at law or in equity in any court of this State, until such corporation shall have obtained a certificate of authority. Nor shall an action at law or in equity be maintained in any court of this State by any successor or assignee of such corporation on any right, claim or demand arising out of the transaction of business by such corporation in this State, until a certificate of authority shall have been obtained by such corporation or by a corporation which has acquired all or substantially all of its assets.

"The failure of a foreign corporation to obtain a certificate of authority to transact business in this State shall not impair the validity of any contract or act of such corporation, and shall not prevent such corporation from defending any action at law or suit in equity in any court of this State.

"* * * * * *."

Since the passage of the above section, the courts of Illinois have held that a foreign corporation, unlicensed at time of entering into a contract, may enforce such contract in the courts upon qualifying to do business in the state. Emcee Corp. v. George, 293 Ill.App. 240, 12 N.E.2d 333. It is noticed that the present Illinois law not only provides that no action shall be maintained "until a certificate of authority shall have been obtained", but also expressly provides that the failure of a foreign corporation to become licensed "shall not impair the validity of any contract or act of such corporation." This latter provision was pointed out by the court in holding that a contract of a foreign corporation doing business in Illinois while unqualified may later be enforced by said corporation if and when it qualifies to do business within the state. See Emcee Corp. v. George, supra, 293 Ill.App. at page 245, 12 N.E.2d 333. The new Missouri corporation law contains no express pro-

vision that the validity of a contract entered into by an unlicensed foreign corporation shall not be impaired by its failure to comply with the Act. Prior to the amendment here relied upon by plaintiff, the courts of Missouri had held such a contract invalid and incapable of being cured by subsequent licensing of the corporation. If the change contended for by the plaintiff has been made in the Missouri law, the change arises solely from the addition of the phrase "while the requirements of this Act have not been complied with". From the fact that the lawmakers of Illinois added a separate paragraph expressly declaring that the failure of a foreign corporation to obtain a certificate of authority shall not impair the validity of any contract of such corporation it seems apparent they did not believe that the phrase "until a certificate of authority shall have been obtained" was sufficient to prevent impairment of contracts under such circumstances as had theretofore been held by the courts to render them void. It would seem that if it were the intention of the Missouri lawmakers to provide that the validity of contracts of foreign corporations should not be impaired by their failure to secure licenses to do business in compliance with the laws of Missouri they would have so provided in unmistakable terms in view of their knowledge that the then positive law of Missouri was to the contrary.

That the addition of the words "while the requirements of this [Act] have not been complied with" to the R.S.Mo. Sec. 4997.109 was intended to be effective for some purpose is undoubtedly true. Having held that the purpose was not to change the law of Missouri as it then stood holding contracts of foreign corporations while doing business in Missouri without having complied with its laws to be void, which holding is decisive of the question before this court presented by the motion to strike the Amended Sixth Defense it scarcely seems incumbent on me, in the absence of an applicable decision by any Missouri court to venture an interpretation. From the study I have given the matter my thought is that the effect of the amendment is to make clear beyond peradventure of a doubt that a suit may be maintained under the laws of Missouri by a foreign corporation while doing business in that state only while the requirements of the Act have been complied with at the time the suit is sought to be maintained. The substantive question as to the validity or invalidity of the particular contract which gives rise to the suit due to the foreign corporation's compliance or lack of compliance with the requirements of the Act at the time the contract was entered into, plus the question as to whether such corporation was or was not doing business in the State of Missouri at such time, is left to be determined in the trial under the evidence and the applicable laws of Missouri.

The Motion to strike the Amended Sixth Defense is denied.

Plaintiff has also filed a motion to strike Paragraph 2 of the Third Amendment to the Fifth Defense of Answer and Affirmative Defense of Defendant as being immaterial and impertinent, as not constituting a defense to plaintiff's complaint as amended and as being frivolous. Said Paragraph 2 presents the same defense as Paragraph 1 but relies upon the specific provision of the alleged storage contract between the parties. It seems to me that said paragraph is not subject to the criticisms leveled at it by plaintiff. Without doubt, I think, the language "beyond the control of the warehouseman" implies with certainty as a definite requisite of the defense the exercise by the warehouseman of that care required by the laws of Missouri to avoid the consequences of an act of God. Plaintiff, of course, is not required to assume any risk of the warehouseman's failure to exercise such care. So interpreted, the specific allegation that the damage was without concurring negligence on the part of the warehouseman, being implied by the language of the contract, is not required to make the paragraph a good defense.

Said motion to strike is denied.